394

SHALOSKY, Plaintiff-Appellant, v. SHALOSKY, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4704. Decided October 17, 1952.

Jack M. Parrish, Columbus, for plaintiff-appellant.
Joseph G. Rotondo, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the judgment of the Common Pleas Court, Division of Domestic Relations, sustaining the motion of the defendant-appellee granting a change of custody of the minor children of the parties hereto and overruling the motion of the plaintiff-appellant to reduce to judgment an alleged arrearage of $1092.00 which arose by reason of a former order of the Court.

The record reveals that on November 12, 1947, the plaintiff-appellant,

hereinafter referred to at times as the father, was granted a divorce from the defendant-appellee, hereinafter referred to as the mother, because of the aggressions of the mother. At the time the decree was granted the custody of the two children of the parties hereto was awarded to the father and the mother was ordered to pay the sum of $6.00 per week toward the support of said children. On January 5, 1951, the mother filed a motion to regain custody of the children and on January 13, 1951, the father filed his motion to reduce to judgment the arrearage owed by the mother for the support of the children.

The appellant first urges that the order changing the custody is contrary to law and constitutes an abuse of discretion and is not supported by the record. We have examined the bill of exceptions and are of the opinion that the evidence supports the finding that there has been a change of conditions affecting the welfare of the children since the granting of the decree and also a finding that a change of custody was in their best interests. It should be noted that on appeal from such a judgment to this Court on questions of law we may not substitute our judgment for that of the trial court.

In the case of **Trickey v. Trickey, 158 Oh St 9,** the Court recognized the discretionary powers of a trial court in controlling the custody of minor children as being peculiarly important, saying at page 13:

"In proceedings involving the custody and welfare of children the power of the trial court to exercise discretion is peculiarly important. The knowledge obtained through contact with and observation of the parties and through independent investigation can not be conveyed to a reviewing court by printed record. In the instant case the trial judge conducted not one but several hearings. He exhibited great patience and thoroughness. He evidenced sincere concern for the welfare and best interests of the child and acted only after deliberation. We find no indication whatever of abuse of discretion.

This court has repeatedly held that in an appeal on questions of law the Court of Appeals can not substitute its judgment for the judgment of the trial court. **In Re Estate of Johnson, 142 Oh St., 49,** 49 N. E. (2d), 950; **Bishop v. East Ohio Gas Co., 143 Oh St., 541,** 56 N. E. (2d), 164; **State, ex rel. Squire, Supt., v. City of Cleveland, 150 Oh St., 303,** 82 N. E. (2d), 709; **In Re Estate of Murnan, 151 Oh St., 529,** 87 N. E. (2d), 84; **Henry v. Henry, 157 Oh St., 319,** 105 N. E. (2d), 406."

We find that the Court committed no prejudicial error in changing the custody award of the minor children involved herein.

It is further urged that the Court erred in overruling the father's motion for a judgment against the mother for the arrearages in the support money awarded in the decree. We recognize that the Court could not modify the due and unpaid installments upon the application of the mother, **McPherson v. McPherson, 153 Oh St 82,** but she is not seeking a modification of the same. The husband is seeking an order reducing to a judgment the amount due under the aforesaid order. This he was required to do before he could have a judgment for a lump sum. **Meister v. Day, 20 Oh Ap 224; Kosen v. Kosen, 36 Abs. 156.** Certainly the Court had the right to inquire into the amount due and enter its judgment in accordance with its findings. In **Bidinger v. Bidinger, 89 Oh Ap 274,** the Court held, and we think properly so, that,

"An agreement between a father and a mother (formerly husband and wife) of a minor child, whereby the father, for a valuable consideration, is released from his obligation under the decree of divorce to support such child, is valid as between the parties, and the mother cannot, while such agreement is in effect, recover from the father the unpaid installments of such support award."

Since every reasonable presumption must be made in favor of the validity of a judgment we shall now look to the record to see if there is any evidence tending to support the same. In so doing it will be seen that the appellee has never been able to meet the weekly payments, counsel for appellant having made this concession in the record at page 81:

"MR. ROTONDO: I know that Mr. Shalosky has never expected to collect six dollars a week from Alice.

MR. PARRISH: No, there has never been any way to collect it or he never made any request of her to pay at any time."

The record shows further that the mother had the custody of the children during a good part of the time prior to the time of the last hearing; that the appellant told her that he never expected her to make the weekly payments; that he was able to support the children himself (See Record, pp. 127, 128.) Under §8002-3 GC and these circumstances the duty became that of the husband and not of the wife, all of which the Court could consider in determining whether or not to grant the husband a judgment for the support money. If the Court found that the support order had been erroneously entered we do not think that it was required to give it recognition favorable to the father.

Finding no prejudicial error in the record, the judgment will be affirmed.

HORNBECK, PJ, and WISEMAN, J, concur.