LOUIS BREISACH v. LEAH BREISACH et

Ohio Appeals, 6th Dist., Lucas Co.
No. 2367. Decided May 26, 1930

Ralph Emery, Toledo, and Paul J. Ragan, Maumee, for Louis Breisach.

DeWitt Fisher, Toledo, for Leah Breisach, et.

RICHARDS, J.

It is urged on behalf of plaintiff in error that this was in effect the rendition of a judgment in favor of one not a party to the case, and that it is therefore void. Section 11987 GC. relating to divorce and alimony, provides that

"the court shall make such order for the disposition, care and maintenance of the children, if any, as is just."

There seems to be a wide discretion reposed in the trial court in providing, in divorce cases, for the care and maintenance of children, but the order must be just. The evidence introduced at the time Mr. Fisher was first named a strustee has not been preserved and we do not know what moved the court to require that the payemnts should be so made, but we must assume that sufficient grounds were shown to exist therefor. The order making the sums payable to him for the use of the children is not a judgment in his favor but rather a finding and order that Breisch pay to him as trustee, the amount named. Fisher, as trustee, would therefore become a representative or agent of the court to receive the amounts ordered paid and look after their proper disbursement for the benefit of the children.

The same infirmity claimed to exist against the order made in this case was urged in the case of ex parte Gordon, 95 Cal., 374. In that case, an action for divorce, the custody of the child of the marriage had been awarded to the grandmother and a further order was made that the father pay to the grandmother a monthly allowance for the support of the child. It was argued that the order was void because it amounted to a judgment in favor of a stranger to the action, but the court held that it was only an order for the payment of money to an agent or officer of the court, charged with the duty of carrying its decree into effect.

Counsel cite a decision of this court, Owens vs. Owens, 20 Ohio App., 518, but the order in that case is not parallel to the one in the case at bar, for in that case the wife, to whom the award was made, was directed to place $50,000.00 in trust for the benefit of the minor child.

Under the broad language of the section of the General Code and the authority of ex parte Gordon, cited supra, this court is of the opinion that the order is valid and it will be affirmed.

WILLIAMS and LLOYD, JJ., concur.