## ZINN v ZINN et

Ohio Appeals, 2nd Dist, Franklin Co

No 2373. Decided May 19, 1934

Cowan, Adams and Adams, Columbus, for plaintiff in error.

Wilson & Rector, Columbus, for defendant in error.

## OPINION

By BARNES, J.

If the grounds of error complained of appear from the pleadings, no bill of exceptions is required. In conformity to this principle, we must accept all allegations of fact as contained in the motion as true. In addition to this, we properly have before us the original papers and the transcript of docket and journal entries. If any evidence was presented in the hearing upon the motion, such evidence would be limited to the scope of such motion. Of course conclusions of law or fact in the pleading neither add to nor take from its scope.

If defendant presented evidence controverting some of the facts set out in the motion, such could not. be considered in this court in the absence of a bill of exceptions.

We therefore consider this proceeding in error on assumption that all well pleaded facts as set out in the motion are true.

Counsl for the respective parties have presented very able and comprehensive briefs in support of their respective positions. We also are favored with the opinion of the trial court. From the opinion, we ascertain that the motion was sustained on the authority of the case of **Johnson, Guardian v Pomeroy, 31 Oh St, 247,** particularly the following quoted portion of the dictum on page 249:

"The estate of an insane person passes to his guardian, by relation, as of the date of the adjudication of insanity, as, in case of a deceased person, it passes to the executor

or administrator, as of the date of the death. So that any lien or preference obtained by a creditor, before the inquest of insanity, must be respected by the guardian to the same extent that such preference secured in the lifetime in an insolvent debtor must be respected by his representatives."

We are unable to see that the quoted portion from the opinion of Judge McIlvaine has any bearing upon the real question that was before the court for determination. In other words, it was purely dictum and cannot be accepted as authority beyond the facts of the case then under consideration.

By reading the statement of the case on page 247, we ascertain the nature of the controversy and the question for determination.

It seems to us that the ultimate judgment in and of itself denies the intention of the Supreme Court to promulgate any such rule as is now contended for in the instant case.

In the statement of the case it is set out that the original action was in the nature of a creditor's bill to subject certain equities to the payment of judgment. During the pendency of the action the defendant was adjudged to be insane and a guardian was appointed of his person and property. The Guardian filed an answer alleging the insolvency and insanity of his ward at the time of the rendition of the judgment, and that this condition existed at the time of filing the answer by the guardian. In the Common Pleas Court judgment was rendered for the defendant Guardian. On appeal to the District Court judgment was rendered in favor of the plaintiff. In the Supreme Court the judgment of the District Court was affirmed. The second syllabus of the case reads as follows:

"In a proceeding in aid of execution such judgment cannot be impeached by the Guardian of the judgment debtor without showing some fraud or unfairness on the part of the creditor obtaining the judgment."

The 3rd syllabus reads as follows:

"Where a proceeding in aid of execution has been commenced, and the judgment debtor is afterwards adjudged to be insane, the Guardian of such debtor cannot resist a decree preferring such creditor by showing that his ward was insane before the commencement of the proceeding and that his estate is insolvent."

In substance it was the holding of the Supreme Court that John A. Pomeroy, having brought his action on a creditor's bill against C. G. Pierce to subject certain equities to the payment of a judgment previously obtained, that he was entitled to the relief prayed for, notwithstanding that during the pendency of the action Pearce was adjudged to be insane and Johnson was duly appointed guardian of his person and property. Attention is also called to the fact that the plaintiff, Pomeroy, was granted his relief notwithstanding that the guardian after his appointment filed an answer in the case alleging the insolvency of the estate of his ward, and further alleging that his ward was insolvent and insane at the time of the rendition of the original judgment for the satisfaction of which the creditor's suit was being prosecuted.

Under this state of the record there certainly was a situation for the application of the rule contended for in the instant case, had the Supreme Court considered such to be the law.

If the appointment of a guardian transfers all property to the jurisdiction of the Probate Court from the time of the appointment, and prevents enforcement of liens in other courts, then Pomeroy would not have been entitled to a judgment in his favor. There certainly will be no claim that a different rule will apply to equitable interest in property from real estate or any other property. If Pomeroy had the right to subject equities to the payment of his judgment after the appointment of the guardian, why would not this rule apply to the instant case, wherein the plaintiff seeks to enforce her judgment lien by execution and sale? In our judgment this case of **Johnson v Pomeroy, 31 Oh St, 247**, is determinative of the case favorably to the contention of plaintiff in error.

The case of **Heff, Admr. v Cox et, 5 N.P., 413**, is so at variance with the instant case in its facts that it cannot be helpful. We have also examined the citations from other jurisdictions, cited by counsel in their brief. Many of these cases turn on statutory provisions which differ from this state. Even if not based on the statute, we think we are following the decision of the Supreme Court in 31 Oh St, supra.

Finding will be for plaintiff in error and cause remanded for further proceedings. Exceptions will be allowed to defendant in error.

HORNBECK, PJ, concurs.