### KOSEN v KOSEN

Ohio Appeals, 8th District, Cuyahoga County.

No. 18540.   Decided Mar. 9, 1942

H. C. Steglat, Cleveland, for plaintiff-appellee.

J. J. Tetlow, Cleveland and J. J. Sheehan, Cleveland, for defendant-appellant.

**OPINION**

By MORGAN J.

On September 8, 1927, the defendant obtained a divorce from the plaintiff upon her cross-petition and was awarded the care and custody of the five year old child of the parties. On November 2, 1928, the court made an order in the case, superceding a previous order, by which the plaintiff was required to pay $5.00 a week for the support and maintenance of the minor child until the child should attain the age of sixteen years.

Later, the defendant married one Edward Morley. In the year, 1940, Edward Morley, as stepfather of the child, instituted adoption proceedings in the probate court. In October, 1940, the court of common pleas consented to the adoption of the child by the stepfather and approved the consent of the mother, defendant herein, to the adoption. The concluding paragraph of the journal entry of the court approving the mother's consent to the adoption stated: "Because of said approval the jurisdiction of the court over said child is now terminated."

On February 5, 1941, the defendant filed an amended motion stating that the accrued arrearages on the order of support made in 1928 amounted to $2600.00 and asked that a judgment be entered in her favor for the arrearages.

On May 13, 1941, the plaintiff filed a motion to strike defendant's amended motion from the files on the ground that, first, the common pleas court did not have jurisdiction of the person; second, that the court did not have jurisdiction of the subject matter. From the granting of plaintiff's motion to strike, the defendant appeals to this court.

Sec. 10512-11 GC, provides in part as follows:

"In any adoption proceedings written consents must be given to such adoption as follows: * * * (d), by the parent awarded custody of child by divorce decree provid-

ed the court which granted such decree approves of such consent, whereupon the jurisdiction of such court over such child shall cease."

The trial court in granting plaintiff's motion to strike, held that when the common pleas court lost jurisdiction over the custody and maintenance of the minor child, "it put an end to the court's jurisdiction for all purposes."

Our consideration of the case has caused us to come to a different conclusion. Without doubt, the common pleas court, after the completion of the adoption proceedings, was without authority to make an order affecting the future custody and care of the minor child; but it is our opinion that the court still retained jurisdiction of the parties interested in the modification of the support order, and also of the subject matter of the motion.

The child was not a party in the divorce case. In fact "jurisdiction in divorce cases, being limited to issues between plaintiff and defendant, children are not proper parties." Schlenker v Ferden, 21 Oh Ap 222.

The court continued to have jurisdiction of the parties in the divorce case after, as well as before, the adoption proceedings. While its order for support was made for the benefit of the child, the substance of the order was that the plaintiff nay the defendant $5.00 weekly for the child's support. If the order had been modified and the arrearages reduced to judgment even while the child was still a ward of the court, the child would have had no interest in the judgment. The defendant would have been under no obligation to expend the amount col-

lected on the judgment for the benefit of the child, inasmuch as it would be compensation for defendant's services already rendered. So long as the common pleas court retained jurisdiction over the plaintiff and defendant, it retained jurisdiction of all parties necessary to enable it to enforce its order and to modify it by reducing it to judgment.

If the common pleas court in this case has lost jurisdiction to reduce arrearages to judgment the defendant is remediless. In his opinion, the trial court stated:

"The defendant has lost no rights. She may proceed by separate action to recover the amount due."

This statement seems to us to be directly contrary to the holding in the leading case of Meister v Day, 20 Oh Ap 224. In that case it was held that an order such as the one under consideration, will not support an action for a money judgment until the order is modified, by reducing the amounts due under it to judgment.

It is clear that no action can be brought on such an order in another State, until it is reduced to judgment. 17 American Jurisprudence 535.

In Meister v Day, supra, the court said, at page 227:

"As such an action for a money judgment cannot be maintained in another State, it follows that one cannot be maintained in this State."

It follows that if the defendant cannot secure in this case a modification of the order by reducing the arrearages to judgment, she is

not entitled to any relief in an independent action.

If the position taken by the trial court is correct, then it would follow that upon the child's coming of age, or on the death of the child during minority, the common pleas court would lose its jurisdiction to enforce its own order so that the order, even as to payments already due, would then become a nullity. However, in the case of **Dodge v Keller, 29 Oh Ap 114,** this court held that when the common pleas court had ordered the defendant in a divorce case to pay $1000.00 for the support of a minor child, and the child died while $240.00 of the amount still remained unpaid, the court continued to have jurisdiction not only to enforce the payment of the $240.00, but also to increase the amount, by reason of the expenses of the child's funeral.

Appellee's counsel, at the hearing, asked the question:

"If the court does not lose the right to reduce to judgment the arrearages on its support order, when the court loses the right to supervise the care and custody of the child, when is the right lost by the court?"

It is conceded that no statute of limitations is applicable in this case. The answer is, that the right is never lost so long as the court has jurisdiction over the parties to the divorce action. No injustice, however, is caused by this fact, inasmuch as the court retains complete control over its order including payments past due.

The court of common pleas in this case is not required to enter judgment for the full amount of the arrearages. The court can reduce the amount and if the facts warrant, can refuse modification of the order altogether. It is stated in Meister v Day, supra, at page 228:

"A petition for modification would constitute an appeal to the discretion of the court, as a determination of the amount of alimony did in the first instance, and in the exercise of a sound discretion, the court would have a right to grant or refuse modification. The plaintiff had no absolute right to a judgment for any specific sum."

The court in this divorce case continues to have jurisdiction of the persons interested in the modification of the order by reducing past due payments to judgment. Likewise, the subject matter of the motion was not the future custody of the child, but was the order itself, and the arrearages which had accumulated. The trial court, therefore, has jurisdiction of both persons and the subject matter of defendant's amended motion.

It follows that the order of the court of common pleas in this case, for the support of the minor child, did not become a nullity by the completion of the proceedings for adoption of the child, at least as to the unpaid amounts due the defendant at the time of such adoption.

The striking from the files of the defandant's amended motion to reduce the unpaid amounts to judgment was therefore, in our view, erroneous.

The judgment of the court of common pleas is reversed and the cause remanded for further proceedings according to law.

LIEGHLEY, PJ, SKEEL, J., concur.