Norma CRAIG, formerly Norma J. Collins, Plaintiff in Error,

v.

Clinton A. COLLINS, an Incompetent, and Tom J. Collins, Guardian of the Person and Estate of Clinton A. Collins, an Incompetent, Defendants in Error.

No. 36452.

Supreme Court of Oklahoma.

June 28, 1955.

Rehearing Denied July 13, 1955.

Chas. D. Scales, Oklahoma City, for plaintiff in error.

LeRoy Powers, Oklahoma City, for defendants in error.

HALLEY, Justice.

A brief history of events occurring prior to the present action is necessary for a clear understanding of the issues involved.

In 1951, Norma J. Collins, now Craig, the plaintiff herein, sued her then husband, Clinton A. Collins, an incompetent, for divorce in the District Court of Oklahoma County upon grounds arising prior to the date he was adjudged an incompetent and placed under guardianship in the County Court of McCurtain County. She prayed for custody of their minor child, Cheryl Clenta Collins, alimony and child support. Judgment as prayed for was entered ordering the guardian of the defendant to pay the sum of $75 per month as child support, beginning July 1, 1951.

The journal entry provided in part:

"* * * and it is further ordered that the defendant, Tom J. Collins, Guardian of the person and Estate of defendant, Clinton A. Collins, an incompetent, apply to the court having jurisdiction of said estate for permission to pay the same and upon receiving such permission that he and/or his successor pay the same paying the same on the 1st day of each month thereafter, * * *."

The guardian of the defendant applied for and secured permission from the County Court of McCurtain County, where the guardianship of the defendant was pending, to pay such sum and did pay the sums ordered paid monthly by the District Court judgment in the divorce action, including child support in the sum of $75 per month for approximately one year.

The guardian on August 8, 1952, filed an application in the County Court to reduce child support payments to $40 per month. The guardian was cited by the District Court for contempt. He appeared but was not held in contempt.

September 4, 1952, the guardian filed a petition in the County Court of McCurtain County reciting the amounts paid by him for child support and dismissing his application to reduce such payments.

September 24, 1952, the County Court heard the guardian's petition and made an order denying permission for the guardian to continue payments for $75 per month based upon the financial condition of the estate of the incompetent defendant, and ordering the guardian to pay only $50 per month.

Beginning October 1, 1952, the guardian made payments of $50 per month. The plaintiff did not appeal from this order of the County Court and made no effort to have it modified or vacated.

On September 25, 1953, the plaintiff, Norma Collins Craig, filed in the original divorce action in the District Court a "petition", alleging that the defendant and his guardian were delinquent in the payment of $75 per month for child support in the sum of $300, having paid $50 per month instead of the $75 ordered paid by the District Court judgment, and the original order of the County Court and alleged that defendant had caused plaintiff to incur $100 in attorney fees and expenses of $25 in an effort to stop the proceedings of the defendant in the County Court and the plaintiff was entitled to additional attorney fees of $250 for her effort to accelerate the payments for child support.

The defendant by his guardian answered by general denial and alleged that the plaintiff was estopped by a judgment of the County Court of McCurtain County entered September 24, 1952, adjudging that the guardian should pay the plaintiff the sum of $50 per month and that such judgment was now binding upon all parties to that action because the County Court had full jurisdiction over the estate of the incompetent defendant.

October 27, 1953, the plaintiff obtained a default judgment for all of the sums prayed for. The defendant filed an application to vacate this judgment and the case was reset for November 6, 1953. The court vacated the default judgment and heard evidence and argument of counsel. The court then found generally for the defendant and the plaintiff gave notice of appeal.

The statements of the trial judge as to what his judgment would be is very clear as to the reasons for the conclusion reached. It is as follows:

"All right, the application of the plaintiff in this case to accelerate and render judgment for the difference between what was allowed by the County court of McCurtain county to the Guardian for the *mentainance* and support of the minor child and that set by the district court in a divorce action is denied and overruled, for the reason that the County court of McCurtain county, at the time of the institution of this action, had exclusive jurisdiction over the estate and person of the defendant Clinton A. Collins by virtue of a guardianship and that this court is without jurisdiction to render a judgment in this action; and that the amount set will be no more than advisory, and that therefore the application to accelerate and render judgment as set forth in the Plaintiff's application is overruled and exception is allowed."

While plaintiff has set out nine propositions in her brief, the first seven are argued together and Nos. 8 and 9 are also argued together.

It is urged that when a District Court in a divorce proceeding against an incompetent, who is under guardianship, fixes the amount to be paid by the guardian for child support, the probate court having jurisdiction of the ward's estate has no authority or jurisdiction to change the amount to be paid and can only enforce the payment ordered by the District Court.

The defendant claims that such judgment of the District Court is advisory only and dependent upon the judgment of the county judge having jurisdiction of the person and estate of the incompetent defendant.

The original district court judgment here under consideration ordered the incompetent defendant "to apply" to the County Court of McCurtain County for "permission" to pay the plaintiff in the divorce action $75 per month for child support and that the guardian make these payments "upon receiving permission".

The County Court authorized the guardian to pay $75 for several months and then ordered the guardian to pay $50 per month. The sole reason for the reduction in payments was the depleted financial condition of the estate of the incompetent defendant.

Unquestionably the District Court of Oklahoma County had the authority to enter a valid judgment in the divorce case between the parties and fix the amount that should be paid for child support. 12 O.S. 1951 §§ 1276 and 1277. Lewis v. Lewis, 60 Okl. 60, 158 P. 368. Its judgment was more than advisory. It was entirely proper for application to be made to the County Court of McCurtain County for the payment of the judgment for alimony and the child support from the estate of the incompetent because of the authority and control of guardians given the County Court under 58 O.S. 1951 § 1, subd. 11:

"To appoint and remove guardians for infants, and for persons insane or otherwise incompetent; to compel payment and delivery by them of money or property belonging to their wards, to control their conduct and settle their accounts. R.L.1910, § 6189."

And 30 O.S.1951 § 10:

"In all cases the court making the appointment of a guardian has exclusive jurisdiction to control him in the man-

agement and disposition of the person and property of his ward. R.L.1910, § 3330."

When it became apparent to the judge of the County Court that the estate of the defendant was becoming depleted it was proper for that Court to reduce the amount that should be paid monthly toward the payment of the amount due under the judgment of the District Court. The functions of the two courts are separate and distinct in this matter. No one challenged the amount fixed for child support in the District Court and until that judgment was modified it was valid and even though not paid, the defendant was obligated to pay it if and when he was able to do so. The County Court had the responsibility of looking after the incompetent defendant and his estate and it was the duty of that court to see that proper provision was made for the incompetent out of his own estate which actually was a pension of one-hundred and sixty-four dollars a month from the Federal government for a disability incurred in the military service.

We think the order of the trial court of November 6, 1953, vacating the judgment of October 27, 1953, was correct because the guardian of Clinton Collins was entitled to present his defense to the application on which the October 27th judgment was based.

■■ Since it was agreed that fifty dollars a month was proper for child support after the 6th of November, 1953, and are of the opinion that the order for child support should have been modified as of that date for that amount, we do not think the court was correct in vacating the judgment for three hundred dollars for the unpaid child support. The plaintiff was entitled to have a judgment for that amount as the payments for child support were delinquent twenty-five dollars a month for twelve months. It has long been settled by this Court that an order for child support cannot be modified to take effect retroactively. Sango v. Sango, 121 Okl. 283, 249 P. 925 and Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914.

■ We are unable to see why the $125.00 for attorneys fee should have been allowed and think the trial court was correct in vacating the judgment as to that item. However, as to the attorney fee, the counsel for the plaintiff is entitled to a fee for appearing on the defendant's application to modify the amount for child support. This fee should be fixed by the trial court and paid when the estate of the incompetent is in condition for the same to be taken therefrom.

■ The costs in the amount of $30.10 were taxed against the plaintiff. We think the trial court was in error in this because it was not plaintiff's fault that the child support was not paid in full or that the guardian wished to have the order for child support modified.

■ Since this was a case of equitable cognizance and after having weighed the evidence, we think the trial court's judgment should have been as follows:

1. The plaintiff shall have judgment for three hundred dollars for unpaid child support;

2. The plaintiff's counsel shall be allowed a fee to be fixed by the trial court for appearing on the motion to modify child support;

3. The amount of child support from November 6, 1953, shall be $50.00 per month;

4. The court costs shall be taxed against the defendant.

The judgment of the trial court is reversed with directions to enter judgment in accordance with the views herein expressed.

JOHNSON, C. J., WILLIAMS, V.C.J., and CORN, ARNOLD, BLACKBIRD and JACKSON, JJ., concur.