In re Guardianship of Stephens.

(No. 657705—Decided November 30, 1964.)

*Mr. Owen C. Neff, in propria persona.*
*Mr. Leo E. Rattay,* for Amelia Helen Stephens.

Andrews, Chief Referee. Owen C. Neff has made applicaton for appointment as guardian of the person and estate of Claude Albert Stephens on the ground of incompetency by reason of physical disability. Mrs. Amelia Helen Stephens, wife of Claude Albert Stephens, objects to the appointment on several grounds.

At a hearing before Presiding Judge Frank J. Merrick on September 29, 1964, the question of jurisdiction to appoint a guardian under the circumstances of this case was raised. Judge Merrick referred the question to me. It is important to note that nothing else has been referred to me. In other words, I

am not asked to determine the merits of the controversy, namely, whether the facts warrant the appointment of a guardian.

Any question relating to the jurisdiction of the Probate Court to appoint a guardian must commence with the applicable statutes.

Section 2101.24, Revised Code, contains the following language:

"Except as otherwise provided by law, the probate court has jurisdiction:

"* * *

"(D) To appoint and remove guardians * * *, direct and control their conduct, and settle their accounts;

"* * *

"Such jurisdiction shall be exclusive in the probate court unless otherwise provided by law."

See, also, 26 Ohio Jurisprudence 2d, Guardian and Ward, Sections 9 and 37.

Section 2111.02, Revised Code, provides:

"When found necessary, the Probate Court on its own motion or an application by any interested party shall appoint a guardian of the person, the estate, or both, of a minor, or incompetent, provided the person for whom the guardian is to be appointed is a resident of the county * * *

"If a person is incompetent due to physical disability, the consent of the incompetent must first be obtained before the appointment of a guardian for him, and such person may select a guardian who shall be appointed if a suitable person."

In Section 2111.01 (D), Revised Code, the word, "incompetent," is defined so as to include "any person who by reason of * * * physical disability or infirmity, * * * is incapable of taking proper care of himself or his property * * *."

It is not denied that the residence requirements are met and that Mr. Stephens has consented to the appointment of Mr. Neff. That being true, if nothing further appeared, there would be no doubt at all of the jurisdiction of this court to make the appointment.

However, there are complicating factors present. In February of this year, Mrs. Stephens brought an action for divorce against Mr. Stephens in the Division of Domestic Relations of the Common Pleas Court of Cuyahoga County. Included in

her prayer, according to the allegations in her objection to the appointment of a guardian, was a request for a division of the "assets of the marriage." Included also was a request that the court issue an order restraining and enjoining the defendant (Mr. Stephens) from alienating, conveying, encumbering, pledging, or otherwise hypothecating any property or funds in his possession or under his control, pending the final determination of the action.

The court issued the restraining order as prayed for, without bond, until the further order of the court or final disposition of the cause.

All this took place several months before the filing of the application for guardianship. The divorce action is still pending, and on October 5, 1964, a motion to advance the cause for immediate trial was granted, and it is now on the trial list.

In his objection to the appointment of a guardian for Mr. Stephens, counsel for Mrs. Stephens alleges that Mr. Stephens has willfully and intentionally violated the restraining order, and that a motion to show cause is pending with respect thereto. In my opinion, this is not relevant to the issue of the jurisdiction of the Probate Court to appoint a guardian. Without doubt the Court of Common Pleas had jurisdiction to enter the restraining order. Section 3105.20, Revised Code. But whether or not Mr. Stephens has disobeyed it is clearly beyond the scope of the jurisdictional question.

It is also alleged that Owen C. Neff has in his physical possession certain checks, money orders, and other negotiable instruments, some of which are indorsed in blank, and that these are "assets of the marriage" and under the control and juristion of the Court of Common Pleas in the divorce action.

In his brief, counsel for Mrs. Stephens states that his objection to the guardianship raises the question of the jurisdiction of the Probate Court "with respect to the subject matter of the assets of the marriage in the possession and under the control of Claude Albert Stephens." He then quotes the following passage from Section 3105.20, Revised Code, contained in the chapter on divorce and alimony:

"In any matter concerning domestic relations, the court shall not be deemed to be deprived of its full equity powers and jurisdiction."

But, as the Supreme Court of Ohio has observed, "there must be a statutory basis upon which to exercise those powers before they may be put into play." *Haynie* v. *Haynie* (1959), 169 Ohio St. 467. There is no statutory basis for the appointment by the Common Pleas Court of a general guardian for an incompetent. See, also, 14 Ohio Jurisprudence 2d, Courts, Section 170, pages 591, 592.

Moreover, as will be seen, the appointment by this court of a guardian of the person and estate will not deprive the Court of Common Pleas of its equity powers or jurisdiction in the domestic relations matter before it.

It is undisputed that, in general, the Court of Common Pleas has continuing jurisdiction in a divorce and alimony matter. See 18 Ohio Jurisprudence 2d, Divorce and Separation, Sections 142 (alimony), 162 (custody). See, also, Sections 3105.061 and 3105.21, Revised Code. This includes the power to decree a division of property. *Clark* v. *Clark* (1956), 165 Ohio St. 457.

It follows that when a Court of Common Pleas, in granting a divorce, makes a decree concerning the care, custody, and control of the minor children, the decree cannot be affected by the appointment of a guardian by a Probate Court. 26 Ohio Jurisprudence 2d, Guardian and Ward, Section 11; *In re Crist* (1913), 89 Ohio St. 33, and cases cited therein. In fact, such an appointment is a nullity. *Addams* v. *State, ex rel. Hubbell* (1922), 104 Ohio St. 475. Conversely, where a Juvenile Court committed a delinquent child to a correctional institution, it was held that in a subsequent action for divorce by the child's mother, the divorce court lacked jurisdiction to make a decree relating to the custody of the child. *Children's Home* v. *Fetter* (1914), 90 Ohio St. 110.

In these last cases the courts involved had concurrent jurisdiction to grant custody of a minor child. The cases exemplify an established principle of law, referred to by counsel for Mrs. Stephens, and well stated in 14 Ohio Jurisprudence 2d, Courts, Section 149:

"It is a well-settled general rule that, as between courts having concurrent and coextensive jurisdiction, the court whose power is first invoked by the commencement of proper proceedings and the service of the required process acquires the right

to adjudicate upon the whole issue and settle the rights of the parties to the exclusion of all other tribunals. * * * The above rule is founded upon comity between judicial tribunals.

"The above general rule is applicable in * * * divorce and alimony cases * * * Jurisdiction of a cause having first been obtained by the Common Pleas Court, that court has jurisdiction until the end of the case * * *."

See, also, a similar statement of the rule in 17 Ohio Jurisprudence 2d, Divorce and Separation, Section 40. And see a limitation upon its operation in 14 Ohio Jurisprudence 2d, Courts, Section 150.

It is apparent that in the present proceeding the rule is inapplicable. The Court of Common Pleas and the Probate Court do not have concurrent jurisdiction. The Court of Common Pleas does not have jurisdiction to appoint a general guardian for an incompetent person. The Probate Court does not have jurisdiction over divorce and alimony.

As observed in 14 Ohio Jurisprudence 2d, Courts, Section 151, page 567, discussing the above rule:

"A further limitation exists where the purpose of one action and the relief sought therein are wholly different from those in the other. In such case, each court may assert its own appropriate jurisdiction * * *."

Our situation is distinguishable in this respect from *In re Crist* (1913), 89 Ohio St. 33, and *Addams* v. *State, ex rel. Hubbell* (1922), 104 Ohio St. 475, both referred to previously.

Inasmuch as the Court of Common Pleas has no jurisdiction to appoint a guardian, we reach an incongruous situation if we conclude that so long as the proceedings in that court are continuing, the Probate Court is prohibited from appointing a guardian no matter how great the necessity. There is nothing in Section 2111.02, Revised Code, previously quoted, indicating any legislative intent so to limit its operation.

One of the duties imposed upon a guardian of the estate is to "appear for and defend, or cause to be defended, all suits against his ward." Section 2111.14 (C), Revised Code. Here again there is no reason to suppose that the Legislature intended to limit the operation of the statute to persons becoming incompetent *before* the commencement of the lawsuit.

Special provisions have been made for the defense of in-

fants and insane persons in civil actions in the Common Pleas Court, and these provisions apply to actions for divorce. 17 Ohio Jurisprudence 2d, Divorce and Separation, Section 46. In the case of an infant, his defense must be by a guardian specially appointed for the suit. Section 2307.16, Revised Code. On the other hand, the defense of an insane person must be by his legally oppointed guardian, but if there is no guardian, then by a trustee for the suit. If a party becomes insane after the action has been brought, the action must be defended by the insane person's guardian or his trustee appointed as above. Section 2307.13, Revised Code.

As pointed out in *Hasty* v. *Weller* (Prob. Ct. 1940), 33 Ohio Law Abs. 190, no special provision has been made in Chapter 2307., Revised Code, for the defense of a person incompetent in some other way, and therefore such a person is to be defended by his guardian, in accordance with Section 2111.14 (C), Revised Code. This necessarily entails the appointment of a guardian regardless of the pendency of an action in the other court. Moreover, if a guardian can be appointed in the case of a person becoming *insane* after the beginning of a lawsuit, there is no reason why one may not be appointed in the case of some other form of incompetency. There is no more encroachment on the jurisdiction of the Common Pleas Court in the one case than in the other.

Counsel for Mrs. Stephens contends also that since the Common Pleas Court has exclusive jurisdiction of any matters concerning domestic relations, and the ''assets of the marriage are includable therein,'' the Probate Court has no jurisdiction to appoint a guardian of the ''assets of the marriage'' upon the voluntary application of Mr. Stephens.

If counsel means that some different criterion applies for incompetency due to physical disability as opposed to other forms of incompetency, his point is not well taken. Consent of the ward is the only distinctive feature. *In re Tillman* (Prob. Ct. 1956), 73 Ohio Law Abs. 534. See, also, *In re Barr* (Prob. Ct. 1958), 80 Ohio Law Abs. 488.

But evidently this is not the contention which counsel intends to stress. Rather, he appears to emphasize the point that the ''assets of the marriage'' are under the exclusive jurisdiction of the Court of Common Pleas. In this connection he

argues further that because of the issuance by the Court of Common Pleas of the order enjoining Mr. Stephens from disposing of, or in any way alienating, "the assets of the marriage," the Probate Court cannot assume a jurisdiction, the effect of which would be "a flagrant, willful, and blatant attempt to assist in the perpetration of an act in violation of the existing valid order of the Common Pleas Court."

As to the point that the assets are under the exclusive jurisdiction of the Court of Common Pleas, a good statement of the applicable principle of law appears in 14 Ohio Jurisprudence 2d, Courts, Section 154, entitled "Actions Involving Custody of Specific Property."

"Where specific property is involved, the general rule is that the court which first acquires the lawful jurisdiction of such property by the seizure thereof or by the due commencement of a suit from which it appears that it is or will become necessary to a determination of the controversy involved or to the enforcement of the judgment or order therein for the court to seize, to charge with a lien, to sell, or to exercise other similar dominion over the property, thereby withdraws that property from the jurisdiction of every other court so far as it is necessary to accomplish the purpose of the suit, and that court is entitled to retain such control as is requisite to effectuate its final judgment therein free from the interference of every other tribunal."

The rule is further explained in 14 American Jurisprudence, Courts, Section 245, where it is stated:

"* * * It (the rule) simply demands as a matter of necessity, and therefore of comity, that when the object of the action requires the control and dominion of the property involved in the litigation, that court which first acquires possession, or that dominion which is equivalent, draw (*sic*) to itself the exclusive right to dispose of it for the purposes of its jurisdiction."

Now as already seen, in a divorce action the court may allow alimony "in real or personal property, or both, or by decreeing a sum of money, payable either in gross or by installments, * * *" Section 3105.18, Revised Code. But that in itself affects neither title to nor possession and control of property belonging to either party except insofar as the court's power to decree alimony is concerned.

The appointment of a guardian of the estate merely shifts the possession and control from the ward to the guardian, title remaining in the ward. 26 Ohio Jurisprudence 2d, Guardian and Ward, Sections 102, 103, 124; 25 American Jurisprudence, Guardian and Ward, Section 107. And the guardian is under a statutory duty to pay all debts. Section 2111.14 (C), Revised Code. If he fails to do so, proceedings may be had against him in the Probate Court to enforce payment. Section 2109.59, Revised Code. In addition, Section 2111.14 (D), Revised Code, requires that every guardian appointed to take care of the estate of a ward "obey all orders and judgments of the courts touching the guardianship."

As an added protection, every fiduciary is required to file a bond approved by the court and signed by two or more personal sureties or one or more corporate sureties, likewise approved by the court. Section 2109.04, Revised Code. Moreover, the guardian may be made a party defendant, either because he *is* the guardian (26 Ohio Jurisprudence 2d, Guardian and Ward, Sections 199, 203, 204), or under Section 3105.19, Revised Code, providing that a person having possession or control of property, out of which another seeks alimony, may be made a party defendant.

Upon the guardian's becoming a party defendant, the Court of Common Pleas would have authority to enjoin him from disposing of the ward's property in his possession or under his control.

Thus, the appointment of a guardian of Mr. Stephen's person and estate would not interfere in the least with any decree *in personam* issued by the court in the divorce and alimony action. In fact, with the safeguards arising from the guardianship, enforcement of such a decree would be aided.

Likewise, appointment of a guardian for the person and estate will not interfere with the jurisdiction of the Court of Common Pleas if it wishes to allow alimony out of real or personal property, or both, which it is authorized to do by Section 3105.18, Revised Code. This follows from the principle that property comes into a guardian's possession subject to existing liens and preferences, which must be respected by the guardian. 26 Ohio Jurisprudence 2d 445, Guardian and Ward, Section

102; *Johnson* v. *Pomeroy* (1877), 31 Ohio St. 247; *Zinn* v. *Zinn* (App. 1934), 17 Ohio Law Abs. 508.

In the latter case a wife obtained a judgment against her husband for alimony, payable in monthly installments, and the judgment was made a lien on all his property. Thereafter, a guardian was appointed for the husband, apparently of both the person and estate. The husband became in default in his alimony payments, and the court ordered the sale of certain real estate to satisfy the alimony obligation. The guardian filed a motion to stop the sale. He argued that by virtue of the guardianship, all the husband's real estate was within the exclusive control or jurisdiction of the Probate Court, and therefore the proprty could not be sold under an order of the Common Pleas Court. The trial court sustained the guardian's motion. The Court of Appeals reversed, holding, as per the second headnote:

"Where subsequent to the rendition of a judgment for alimony creating a lien on all of the husband's property, a guardian is appointed for him, this does not so transfer jurisdiction over the ward's property to the Probate Court as to prevent an execution sale by order of the Court of Common Pleas."

In the *Zinn* case a guardian was appointed even though there was a judgment lien on all the husband's property. In the instant case there is no lien, but Mr. Stephens' property is under the control of the Court of Common Pleas in the sense that its alienation is enjoined and that alimony may be awarded out of it. The situations are analogous so far as the appointment of a guardian is concerned.

From the foregoing, it seems clear that the appointment of a guardian of the person and estate of Mr. Stephens will in no way interfere with the jurisdiction of the Court of Common Pleas over the "assets of the marriage," nor will it constitute "a flagrant, willful, and blatant attempt to assist in the perpetration of an act in violation of the existing order of the Common Pleas Court," as contended by counsel for Mrs. Stephens.

Under the rule contained in the quotations *supra* from 14 Ohio Jurisprudence 2d, Courts, Section 154, and 14 American Jurisprudence, Courts, Section 245, the acquisition of control

over the property by the first court entitles that court to retain such control as is requisite to effectuate its judgment, free from the interference of every other tribunal. No such interference will occur by the appointment of a guardian of the person and estate for Mr. Stephens, and in my opinion the Probate Court has jurisdiction to make the appointment.

*Judgment accordingly.*