### Friedman v. Friedman
*[Cite as 2 AOA 509]*

*Case No. 14357*
*Summit County, (9th)*
*Decided April 25, 1990*

*R.C. 2101.24*
*R.C. 3105.01.1*
*R.C. 3105.18*
*Civ. R. 75(B)*

*Irving A. Portman, Attorney at Law, 159 S. Main St., Suite 906, Akron OH 44308 for Plaintiff.*

*David P. Bertsch. Attorney at Law, 50 S. Main St., P. O. Box 1500, Akron, OH 44309 for Defendants.*

*Leonard w. Stauffenger, Attorney at Law, 1512 Ohio Edison Bldg., 76 S. Main St., Akron, OH 44308 for Defendants.*

CACIOPPO, J.

Simeon Mack, guardian of the person and estate of Elinore Friedman, and National City Bank, trustee, challenge the judgment of the Summit County Court of Common Pleas, Domestic Relations Division, that funds in an inter vivos trust are marital assets and dividing those funds in a divorce proceeding. We affirm.

In 1930 Milton and Elinore Friedman were married. In 1969, Milton and Elinore created two separate inter vivos trusts, one in each name. Milton terminated his trust in August 1988. In November 1988, Elinore was declared incompetent. The Summit County Court of Common Pleas, Probate Division, appointed Simeon Mack as guardian of Elinore's person and estate.

On March 28, 1989, Milton filed an amended divorce complaint against Simeon Mack, guardian of the person and estate of Elinore Friedman, and National City Bank, trustee. The case proceeded to trial. The testimony was uncontroverted that the trust was funded with money generated through Milton's work and labor. The uncontroverted testimony was that Milton placed funds in the trust in Elinore's name to protect himself from potential malpractice judgments.

The trust documents were entered into evidence. The trust provides that the grantor is to receive all income from the trust during her lifetime and reserves the power to amend or revoke. Upon the death of the grantor, if her husband survives her, the trust instrument requires the trustee to establish two separate trust shares to be designated as "first trust" and "residuary trust." First trust is to be funded with sufficient assets to provide the grantor's estate with the maximum allowable marital deduction for federal estate tax purposes. Residuary trust is to be funded with any remaining assets available in the trust estate after the funding of first trust.

First trust was established for the benefit of grantor's surviving spouse. He is to receive all income during his lifetime. He has an unlimited power of appointment over the trust corpus and income.

In the absence of an effective exercise of the power of appointment, the assets remaining in first trust transfer to residuary trust.

Grantor's surviving spouse is to receive income during his lifetime from residuary trust. Upon surviving spouse's death, residuary trust is to be divided into two separate trusts for Sarene Harr and Gary Weinberg.

Sarene Harr is to receive income for her lifetime and upon her death, the trust corpus is to be distributed to eleven named beneficiaries.

Gary Weinberg is to receive income to age 45 and distributions of corpus at age 45 and 50. If Weinberg dies prior to attaining the age of 50, the trust is to be distributed to identifiable beneficiaries.

The trial court found the trust assets to be marital assets subject to a property division. The court ordered National City Bank to transfer the sum of $468,000 to Milton.

### NATIONAL CITY BANK'S ASSIGNMENT OF ERROR I

"The trial court erred as a matter of law in overruling defendant's motion to dismiss and concluding that the domestic relations division had jurisdiction over this matter.

### SIMEON MACK'S ASSIGNMENT OF ERROR I

"The domestic relations court did not have jurisdiction over the assets of the guardianship."

The primary issue to be addressed in these assignments of error is whether funds deposited in an inter vivos trust by a person subsequently adjudicated incompetent, and as a result, appointed a guardian by probate court, are within the jurisdiction of domestic relations court in a divorce proceeding.

We begin by noting that "the power to define the jurisdiction of the courts of common pleas rests within the General Assembly and that such courts may exercise only such jurisdiction as is expressly granted to them by the legislature." *Seventh Urban, Inc.* v. *University Circle* (1981), 67 Ohio St. 2d 19, 22. The court of domestic relations has no greater jurisdiction, or power, than is given to it by statute. *Soyk* v. *Soyk* (1975), 45 Ohio App. 2d 319, 321.

The jurisdiction of the domestic relations court is set forth in R.c. 3105.011, which provides:

"The court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters. This section is not a determination by the general assembly that such equitable powers and jurisdiction do not exist with respect to any such matter."

In general, the domestic relations court has jurisdiction in divorce and alimony matters and the court has broad discretion in determining equitable divisions of marital property. See *Cherry* v. *Cherry* (1981), 66 Ohio St. 2d 348.

Proceedings in probate court are restricted to those actions permitted by statute and by the Constitution, since the probate court is a court of limited jurisdiction. *Corron* v. *Corron* (1988), 40 Ohio St. 3d 75, paragraph one of the syllabus. The statute granting that jurisdiction is R.C. 2101.24(c):

"The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by statute.

R.C. 2102.24(A) (1) to (18) enumerates and limits those matters which may be properly placed before the court.[1]

National City Bank asserts that the probate court has exclusive jurisdiction over the inter vivos trust assets because they are part of Elinore's estate which touch the guardianship. The matter of whether the assets in the inter vivos trust were marital property is the issue which was before the domestic relations court. This matter could not have been determined by probate court because it does not have subject matter over assets accumulated during marriage pursuant to its statutory authority.

In *Caudill* v. *Caudill* (1986), 29 Ohio App. 3d 51, the Court of Appeals of Franklin county addressed a case in which a domestic relations court divided marital assets in a divorce proceeding involving a wife, for whom the probate court had appointed a guardian of her person. The court of appeals found that the domestic relations court had jurisdiction over the division of marital assets although it had no jurisdiction to require the husband to pay expenses incurred by the guardian. *Id.* at 52. The appointment by the probate court of a guardian of an incompetent person will not interfere with the jurisdiction of the court of

common pleas in a pending divorce action over the assets of the marriage. *Butler* v. *Butler* (1984), 19 Ohio Misc. 2d 1, 2 citing *In Re Guardianship of Stephens* (1964), 2 Ohio Misc. 47. Based on the foregoing, National City Bank's first assignment of error is overruled.

Simeon Mack argues that jurisdiction of the trust assets vested exclusively in probate court since it was the first court to invoke jurisdiction.

It is well-settled that as between courts having concurrent and co-extensive jurisdiction, the court whose power is first invoked by the commencement of proper proceedings and service of the required process acquires the right to adjudicate upon the whole issue and settle the rights of the parties to the exclusion of all other tribunals. *In Re Guardianship of Stephen, supra* at 50, 51. This rule is not applicable in the case before us. The jurisdiction of the probate court and domestic relations court is not concurrent. While the powers of the probate division of the court of common pleas are plenary, they are so only with respect to matters "properly before the court." *Oncu* v. *Bell* (1976), 49 Ohio 2d 109, 110, citing R.C. 2102.24. This reference to plenary powers cannot be interpreted so as to enlarge the statutory grant of jurisdiction to the probate division. *Id.* The probate court lacks subject matter jurisdiction to determine the issue of what assets were marital assets. Simeon Mack's first assignment of error is overruled.

### NATIONAL CITY BANK'S ASSIGNMENT OF ERROR II

"The trial court erred as a matter of law when it ordered the transfer of Elinore Friedman's funds from her trust, in violation of the express terms of the trust where the trust had become irrevocable."

### SIMEON MACK'S ASSIGNMENT OF ERROR II

"The domestic relations court committed prejudicial error as a matter of law in holding that the trust res was a marital asset subject to division."

National City Bank and Simeon Mack assert that the revocable trust in Elinore's name became irrevocable when she was declared incompetent and the probate court appointed a guardian. Both cite *Friedrich* v. *BancOhio Natl. Bank* (1984), 14 Ohio App. 3d 247 as authority for this proposition.

Generally, in the absence of express direction to the contrary, the power to revoke a trust is personal to the settlor when reserved to

her, and if an individual who retains such a power of revocation or alteration later becomes incompetent, her guardian does not succeed to the power although it may be exercised by the court for her. *Friedrich, supra.* at 252. By reserving a power of revocation, the settlor of a trust retains the right to reinvest herself with legal title at some point in the future. *Id.* at 251. To revoke an inter vivios trust established prior to a settlor's incompetency, a guardian must obtain a proper court order by showing that it is in the settlor's best interest to revoke the trust. *Id.* at 252, 253.

In the case before us, Elinore retained the power to alter or revoke the trust during her life, with the trust to become irrevocable upon her death. Elinore's incompetency does not automatically render a revocable trust irrevocable. In the event the guardianship is terminated, Elinore may amend or revoke the trust. The second assignments of error are overruled.

### NATIONAL CITY BANK'S ASSIGNMENT OF ERROR III

"The trial court erred as a matter of law in ordering a distribution of the trust assets in the absence of having before it all of the beneficiaries."

National City Bank argues that the remaindermen were indispensable parties because they have a vested interest in the trust.

Civ. R. 75(B) provides in relevant part:

"(B) Joinder of parties. Rules 14, 19, 19.1 and 24 *shall* not apply in divorce, annulment, or alimony actions, however:

"(1) A person or corporation having possession of, control of or claiming an interest in property, whether real, personal or mixed, out of which another seeks alimony or support, *may* by made a party defendant;" (Emphasis added.)

In this case, Sarene Harr, Gary Weinberg and the other beneficiaries were not required parties to the divorce action pursuant to Civ. R. 75(B).

National City Bank asserts that Elinore is a necessary party defendant.

Civ. R. 17(B) provides in pertinent part:

"(B) Minors or incompetent person. Whenever a minor or incompetent person has a representative, such as a guardian or other like fiduciary, the representative may sue or defend on behalf of the minor or incompetent person. ***."

In the case before us, Milton brought an action against Simeon Mack, guardian of the

person and estate of Elinore Friedman. We find that the suit was defended by Simeon Mack on Elinore's behalf in accordance with Civ. R. 17(B). The third assignment of error is overruled.

*Judgment affirmed.*

QUILLIN, P. J.
CIRIGLIANO, J.
Concur

---

[1] R.C. 2101.24 was amended on 1-1-90.