## In re GUARDIANSHIP OF DERAKHSHAN et al.

[Cite as In re Guardianship of Derakhshan (1996), 110 Ohio App.3d 190.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 95–L–127.

Decided April 1, 1996.

*Stanley Morganstern* and *Lynn B. Schwartz,* for appellant.

192

*Hackenberg & Collins* and *I. James Hackenberg,* guardian *ad litem.*

---

FORD, Presiding Judge.

Appellant, Linda Jaenson, appeals from a judgment of the Lake County Court of Common Pleas, Probate Division, which overruled appellant's application for authority to expend funds from a guardianship estate.

Appellant and Iraj Derakhshan were divorced on May 26, 1988. Appellant was awarded custody of Jamal Derakhshan, born November 26, 1979, and Bijan Derakhshan, born November 11, 1981. The domestic relations court's supplemental order reads, in part:

"IT IS FURTHER ORDERED AND ADJUDGED that the assets of the parties previously described in the Referee's Report of January 4, 1988 * * * *are deemed to be prepaid child support and shall be held for the benefit of the two (2) minor children, Jamal and Bijan Derakhshan, and a Guardianship shall be established in the Probate Court of Lake County and the Guardian shall be appointed to take possession of all the assets designated herein * * *.*

"IT IS FURTHER ORDERED AND ADJUDGED that any funds collected for unpaid child support arrearages accrued shall be part of the Guardianship estate.

"IT IS FURTHER ORDERED AND ADJUDGED that any arrearage for unpaid child support or alimony reflected on the Child Support Enforcement Agency records shall be brought forward and Plaintiff granted judgment in favor of the Plaintiff against the Defendant, Iraj Derakhshan, in the amount of $39,132.28 plus interest.

" * * *

"IT IS FURTHER ORDERED AND ADJUDGED that said Guardianship assets shall not be subject to execution by any of the creditors of Linda Jaenson or Iraj Derakhshan but *shall be only used as and for the support of the minor children.*

" * * *

"IT IS FURTHER ORDERED AND ADJUDGED that until modified, the order of support for each of the minor children shall continue at $100.00 per week, per child, to be paid from the assets held in the Guardianship or from the husband, should circumstances permit the collection thereof, *provided that this provision shall be subject to modification by this court which shall maintain continuing jurisdiction over the support and custody matters herein. Payment of medical and dental expenses shall be subject to rules of Court governing the Guardianship * * *."* (Emphasis added.)

Appellant filed her application for appointment of guardian on May 31, 1989, and letters of guardianship were issued on July 31, 1989. On June 18, 1995, the domestic relations court granted appellant's motion to reduce child support arrearages to a lump sum judgment ($108,910.28), and for disbursement and payment of current support ($400 per week). Appellant submitted an application for authority to expend funds for the amount of the judgment on July 6, 1995. The probate court overruled appellant's application in part, holding that the lump sum and ongoing support funds were not legitimate expenditures with respect to the guardianship. The probate court reasoned that the general division of the common pleas court lacked subject matter jurisdiction over the probate court and further reasoned that the funds belonged to the wards.

Appellant raises the following single assignment of error:

"The trial court erred in denying, in part, appellant's application for authority to expend funds."

As a preliminary matter, we note that the judgment entry ordering the lump sum payment was issued by the domestic relations division, not the general division as stated in the probate court's judgment entry. We will review the assigned error on this basis.

The instant case concerns the overlapping jurisdiction between the probate court and the domestic relations court and, in particular, the propriety of the extension of authority by each court with regard to the funds denominated as prepaid child support. The central issue is whether the probate court properly overruled the motion for distribution of funds from the guardianship estate.

Initially, we will review the validity of the domestic relations court's judgment. Under R.C. 3105.011, "[t]he court of common pleas[,] including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." The court's jurisdiction includes the determination and modification of child support. R.C. 3109.05. The Supreme Court of Ohio held in *Corbett v. Corbett* (1930), 123 Ohio St. 76, 174 N.E. 10, paragraph two of the syllabus, that a divorce decree providing for the custody and support of minors during minority "continues the jurisdiction of the [domestic relations] court for such period without any express reservation in the decree itself." The domestic relations court is also bound to adjudicate any matters involving minors subject to its jurisdiction in accordance with the best interests of the child. R.C. 3105.21(A).

In certain cases where divorce decrees have provided for child support payments, courts, on occasion, have established trusts as an equitable means of facilitating the disbursement of child support, and these trusts have been held valid. See *Breisach v. Breisach* (1930), 37 Ohio App. 34, 173 N.E. 317; *Stemple*

*v. Stemple* (1967) 12 Ohio Misc. 147, 41 O.O.2d 203, 230 N.E.2d 677. Courts have validated the trusts based on inferences from the statutes giving the domestic relations courts broad authority to make proper dispositions of the property and parties before them. *Stemple.* We determine that the guardianship established for the purpose of facilitating child support payments in the instant cause was valid pursuant to the implicit authority granted to the domestic relations court under R.C. 3105.011 and R.C. 3105.21.

In *Smith v. Smith* (1959), 168 Ohio St. 447, 7 O.O.2d 276, 156 N.E.2d 113, paragraph one of the syllabus, the Supreme Court of Ohio announced the rule regarding lump sum judgments for child support:

"The amount of past due and delinquent installments remaining due and owing on an installment child-support order or judgment is *fixed and unalterable* on the date the last installment payment becomes due and owing; and at that time *the payee of the installment support order or judgment has an absolute right to have all past due and delinquent installment payments reduced to a 'lump-sum' judgment on which execution may be lawfully levied.*" (Emphasis added.)

The domestic relations court "does not lose jurisdiction to enforce the payment of unpaid and delinquent installments on an installment support order or judgment, upon the attainment of majority by the minor for whose benefit the support order was made." *Smith,* paragraph two of the syllabus. "Since installment support payments may not be modified [retroactively], the court can accurately reduce the arrearages to a lump-sum judgment at any time." *Bercaw v. Bercaw* (1989), 45 Ohio St.3d 160, 162, 543 N.E.2d 1197, 1199. R.C. 2329.02 provides that "any judgment issued in a court of record may be transferred to any other court of record. Any proceedings for collection may be had on such judgment the same as if it had been issued by the transferee court."

In *Kosen v. Kosen* (App.1942), 36 Ohio Law Abs. 156, 23 O.O. 449, 42 N.E.2d 778, the domestic relations court awarded child support in a divorce decree. Later, the mother remarried and the stepfather adopted the child. The child's biological father argued that the domestic relations court had no authority to reduce arrearages to a lump sum judgment because the child had been adopted and the authority of the domestic relations court over the subject matter had been extinguished. The Eighth District Court of Appeals held that the domestic relations court retained jurisdiction over the parties to the divorce, the former husband and wife, and also over its order including those payments that were past due. *Id.*

In *Zinn v. Zinn* (App.1934), 17 Ohio Law Abs. 508, a former wife obtained a judgment for alimony, payable in installments, prior to the establishment of a guardianship for her former spouse. The domestic relations court established a lien upon all of the ex-husband's property as a means to secure the payment.

The wife then caused the issuance of an order of sale with respect to the husband's guardianship property. The guardian argued that the common pleas court had no authority to execute judgment against the guardianship estate since the guardianship was within the exclusive jurisdiction of the probate court. The probate court sustained the guardian's motion to have the order of sale revoked. The Second District Court of Appeals reversed and held that a judgment for alimony which created a lien on all of the husband's property prior to the establishment of a guardianship does not transfer absolute jurisdiction over the ward's property to the probate court, thereby preventing an execution sale by order of the court of common pleas. *Id.*

■ We determine that the domestic relations court retained subject matter jurisdiction over the portion of the guardianship estate classified as prepaid child support. Further, we conclude that the judgment reducing the child support arrearages to a lump sum was properly issued within the statutory authority of the domestic relations court. These determinations are based on several factors. First, the judgment was issued within the scope of the domestic relations court's continuing subject matter jurisdiction regarding child support. The supplemental order contained unambiguous language regarding the continuing jurisdiction retained by the domestic relations court over the funds denominated as prepaid child support. Further, the sequence of events is critical. The child support order was established *before* the guardianship was established and while the domestic relations court had control over the parties. *Stemple.* Finally, the fact that the guardianship was established as a means of facilitating the child support payments is important. The funds were denominated as child support and, therefore, were subject to the order of the domestic relations court.

We now consider the propriety of the actions taken by the probate court. "The laws relating to the jurisdiction of the probate court are remedial and must be liberally construed." *In re Rauscher* (1987), 40 Ohio App.3d 106, 108, 531 N.E.2d 745, 747. "A probate court is imbued with broad authority over matters within its jurisdiction." *In re Guardianship of Alberts v. Smith* (Apr. 26, 1989), Summit App. No. 13780, unreported, at 2, 1989 WL 41523. "The probate court has plenary power at law and in equity to dispose fully of any matter that is properly before the court, unless the power is expressly otherwise limited or denied by a section of the Revised Code." R.C. 2101.24(C).

Under R.C. 2101.24(A)(1)(c),[1] the probate court has exclusive jurisdiction to appoint and remove guardians and to direct and control their conduct and settle their accounts. R.C. 2111.50 provides that "[a]t all times, the probate court is the superior guardian of wards who are subject to its jurisdiction, and all guardians

---

1. Formerly R.C. 2101.24(A)(1)(d).

who are subject to the jurisdiction of the court shall obey all orders of the court that concern their wards or guardianships."

■ The jurisdiction of the probate court extends to all matters which touch the guardianship. *In re Zahoransky* (1985), 22 Ohio App.3d 75, 76, 22 OBR 173, 173–174, 488 N.E.2d 944, 944–945. The Eighth District Court of Appeals affirmed the probate court's exercise of authority over expenditures of funds held under a guardianship in the case of *In re Rauscher,* holding:

"Any action on the part of the guardian which would affect the ward's funds would be one that touches the guardianship. The court would then have jurisdiction to hear the matter under its power to direct and control guardians and fiduciaries." *Id.* at 108, 531 N.E.2d at 747. See, also, *In re Guardianship of Kyle* (Sept. 26, 1990), Mahoning App. No. 89 C.A. 167, unreported, 1990 WL 142070.

The guardian of an estate must also manage the estate for the best interests of the ward and must obey all orders and judgments of the courts touching the guardianship. R.C. 2111.14(B) and (D).

■ After reviewing the statutes and cases, we conclude that the probate court acted within the limitations of its authority as superior guardian when it denied appellant's request to distribute the funds in a lump sum. "[T]he probate court may properly investigate and adjudicate all matters substantially related to the guardianship." *In re Guardianship of Alberts,* at 2, 1989 WL 41523. The lump sum disbursement of funds from the guardianship estate in this case was a matter touching the guardianship. Therefore, the payment issue fell within the probate court's jurisdiction.

We note that the probate court did not modify the arrearage. See *Metzger v. Metzger* (Aug. 21, 1989), Crawford App. No. 3–87–39, unreported, 1989 WL 94813. Instead, the probate court adjudicated the method of payment pursuant to its statutory authority. See *Craig v. Collins* (Okla.1955), 285 P.2d 859.[2] Although the domestic relations court retained jurisdiction over its order, the probate court retained exclusive jurisdiction to control the guardian, the wards, and the guardianship estate.

It is important to note that the appellant is both the guardian of the wards and the obligee of the child support order. It is our view that the probate court took

---

**2.** In *Craig,* the Supreme Court of Oklahoma held, under similar facts, that "the District Court * * * had the authority to enter a valid judgment in the divorce case between the parties and fix the amount that should be paid for child support. * * * It was entirely proper for application to be made to the County Court * * * for the payment of the judgment * * * because of the authority and control of guardians given the County Court * * *." (Citations omitted.) *Id.* at 862.

a cautious approach regarding the potential conflict of interest on the guardian's part. The probate court's decision to deny the lump sum disbursement constituted a reasonable attempt to balance the competing concerns while at the same time adhering to the best interests of the child standard.

■ "Judgments receive full faith and credit under Article IV, Section 1, United States Constitution." *Heiges v. Heiges* (June 8, 1984), Lucas App. No. L–83–323, unreported, at 5, 1984 WL 13958. The probate court's overruling of the guardian's application to disburse funds could be considered a collateral attack on the domestic relations court's judgment. The rule prohibiting collateral attacks was set forth by the Supreme Court of Ohio in *Quinn v. State, ex rel. Leroy* (1928), 118 Ohio St. 48, 160 N.E. 453, paragraph one of the syllabus:

"Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case."

Although the probate court has not altered the amount of the child support, that court has implicitly challenged the mechanics of the payment method. However, it is our view that the probate court's decision is not a collateral attack on the judgment for the reason that the parties and the issues being considered in the instant cause are different from the parties and the issues which were under consideration when the domestic relations court rendered the divorce decree. See *Gulbis v. Gulbis* (Aug. 27, 1991), Franklin App. No. 90AP–1155, unreported, 1991 WL 224560. The former husband and wife were the express parties to the divorce decree, whereas the guardian, the wards, and the guardian ad litem are the parties in the instant cause. The issue at stake at the time that the decree was rendered was the adequacy of the provision for ongoing support, whereas the specific issue now at stake is the preservation of assets.

■ We do not concur, however, with the probate court's stated reasons for overruling the request for a lump sum disbursement. We have established that the domestic relations court possessed subject matter jurisdiction over the child support order. Further, the funds do not now belong to the wards, but instead are being held in trust for their benefit. *In re Guardianship of Stephens* (1964) 2 Ohio Misc. 47, 30 O.O.2d 325, 202 N.E.2d 458. We do, however, agree with the probate court's objective.

A review of the record suggests that there was a minimum focus by the probate court regarding the necessity of the guardian's request for the lump sum

disbursement. In order to reconcile the guardian's need for the funds and the court's duty to look after the best interests of the wards, we determine that the probate court should reconsider the guardian's application to disburse the funds from the guardianship estate in the context of the appellant's acting as a judgment creditor pursuant to R.C. 2111.14(D). See *Murphy v. Murphy* (1948), 85 Ohio App. 392, 40 O.O. 254, 87 N.E.2d 102.

Specifically, the court should examine the minors' needs and the guardian's justification for the request for a lump sum payment, and determine the interim necessary support actually provided by appellant, as well as the appropriateness of appellant serving as guardian in this case. The best interests of the wards will be served by disbursement of the funds in a manner that will ensure that their needs will be met until they reach the age of majority. It is difficult to perceive that the wards were supported in a vacuum, and that the only legitimate disbursal should be for a one-time furnace repair. In accordance with standard guardianship accounting procedures, the guardian should submit detailed evidence of expenses to the probate court for review. After conducting the review, the probate court should disburse the funds to the guardian in a manner consistent with its findings. This judicial exercise will reconcile the overlapping exercises of jurisdictional authority by the probate court and the domestic relations court.

Therefore, we conclude that there was no error under the assignment with respect to the issues of the probate court's subject matter jurisdiction over the guardian, the wards, and the funds denominated as prepaid child support. However, we do hold that the assignment has merit regarding the manner in which the trial court addressed the request for a lump sum payment based on the order of the general division court acting as a domestic relations division court.

The probate court's judgment is reversed and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

CHRISTLEY and MAHONEY, JJ., concur.