Weygandt, C. J.
 

 In their brief the plaintiffs urge that their claim is one for necessaries furnished the incompetent. The defendants do not dispute this.
 

 In ruling upon the demurrer of the gmardian the trial court held that it had no jurisdiction of the subject of the action. Was this correct?
 

 Section 8 of Article IY of the Constitution of Ohio contains the following provisions:
 

 “The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators and guardians, and such jurisdiction in
 
 habeas corpus,
 
 the issuing of marriage licenses, and for the sale of land by executors, administrators and guardians, and such other jurisdiction, in any county, or counties, as may be provided by law.”
 

 Thus it is apparent that although the Court of Probate is a creature of the Constitution, its jurisdiction is both constitutional and statutory. Hence the defendants contend that the answer to the instant question is found in Section 10501-53, General Code, which reads in part as follows :
 

 “Except as hereinafter provided, the Probate Court shall have jurisdiction: * * *
 

 “4. To appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle .their accounts; * * *
 

 “13. To direct and control the conduct of fiduciaries and settle their accounts'.
 

 
 *74
 
 ‘ ‘ Such jurisdiction shall he exclusive in the Probate Court unless otherwise provided by law.
 

 “The Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly before the court, unless the power is expressly otherwise limited or denied by statute.”
 

 The defendants rely upon Section 10507-16, General -Code, which provides in part as follows:
 

 “When a guardian is appointed to have the custody, maintenance and (if the ward be a minor) to have charge of the education of a ward, his duties are: * * * “4. To obey all the orders and judgments of the court touching the guardianship.
 

 “Provided, however, that no part of the ward’s estate shall be used for the support, maintenance or education of a ward unless ordered and approved by the court.”
 

 The plaintiffs' rely upon the following provisions of Section 11215, General Code, relating to the statutory jurisdiction of the Court of Common Pleas:
 

 “The Court of Common Pleas shall have original jurisdiction in all civil cases where the sum or matter in dispute exceeds the exclusive original jurisdiction of justices of the peace; and appellate jurisdiction from the decision of county commissioners, justices of the peace, and other inferior courts in the proper county, in all civil cases, subject to the regulations provided by law. ’ ’
 

 The difficulty with this contention of the plaintiffs is that Section 11215 is an old and general statute while Section 10501-53 is recent and special. Therefore under the canons of statutory construction the latter must take precedence over the former. It is difficult to escape the effect of specific provisions that “such jurisdiction shall be exclusive in the Probate Court unless otherwise provided by law” and that “the Probate Court shall have plenary power at law and in equity fully to dispose of any matter properly
 
 *75
 
 before the court, unless the power is expressly otherwise limited or denied by statute.” The application for the removal of the guardian was properly before the Probate Court. The request was denied. Since the court concededly was charged with the responsibility of continued control over the guardian, the ward and his estate, and since any fees allowed the ward’s attorneys must come from the estate, this matter therefore would seem to be peculiarly within the province of that tribunal. Furthermore that is' the court in which a substantial part of the attorneys’ services were performed.
 

 It is the view of this court that the recent, special statute relating to the jurisdiction of the Probate Court must be accepted as decisive of the question here presented. The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Myers and Gorman, JJ., concur.