## IN RE WOLFE

Probate Court, Tuscarawas Co

Decided September 9, 1938

Unger & Clark, Canton, for applicant.

Wilkin, Fisher & Limbach, New Philadelphia, for guardian.

## OPINION

By LAMNECK, J.

Henry Wolfe, a world war veteran, was adjudged an incompetent by this court on July 12, 1932, and thereafter L. M. Williams was appointed guardian of his estate on July 13, 1932. Said Henry Wolfe employed Adolph Unger and Norman Clark of Canton, Ohio, to represent him in the filing of a motion to terminate the guardianship. This matter was heard by the court on November 5, 1935 and thereafter on November 5, 1935 the motion was denied. An appeal was taken from the decision of the court to the Common Pleas Court under the provisions of §10501-56, GC. The Common Pleas Court sustained a demurrer to this appeal because of the provisions of §10501-62, GC. An appeal was taken from this order to the Court of Appeals, which held that §10501-62 was unconstitutional and that the appeal to the Common Pleas Court was properly taken. From the order of the Common Pleas Court an appeal was taken to the Supreme Court, which affirmed the Court of Appeals in **Wolfe v Williams, 132 Oh St 170, 7 OO 252**, and remanded the case to the Common Pleas Court for trial.

Before the matter could be heard in the Common Pleas Court, Wolfe discharged his attorneys and dismissed his motion to terminate the guardianship, thereby ending the case.

Thereafter, Messrs. Unger and Clark applied to the Common Pleas Court for fees by motion and also by filing a civil action. These matters terminated in the case of **Unger v Wolfe, 134 Oh St 69, 11 OO 483**, in which the court held that "under §10501-53, GC the Probate Court has exclusive jurisdiction as to the allowance of fees to an attorney for his services in the unsuccessful prosecution of an application for removal of the guardian of an incompetent."

This matter is now before this court

on an application for fees for services performed, in accordance with the aforesaid decision of the Supreme Court.

Section 10507-61, GC, authorizes an adult person under guardianship to file a motion at any time to terminate the guardianship. Since this motion must be filed in the Probate Court, which is a court of record, this would imply that such person could legally employ an attorney to represent him in such proceeding, provided of course the attorneys acts in good faith. In other words, the services of an attorney in such proceeding are the same as necessaries furnished an incompetent.

This court, in its order refusing to terminate the guardianship, found that Mr. Wolfe's attorneys had acted in good faith and allowed them a fee of $125 for their services in the Probate Court. Since the appeal on this order was not successfully terminated, such order is final as to services rendered in the Probate Court.

The question then arises as to whether or not they are entitled to fees for services performed in their unsuccessful effort to prosecute an appeal, and if so, in what amount.

The Supreme Court, in the case of **Unger v Wolfe, 134 Oh St, 1, 11 OO 377,** has implied that they are entitled to pay for such services providing they act in good faith. While there is some doubt as to whether an appeal was justified from the evidence presented in the Probate Court, this court feels that the benefit of the doubt should be given to the applicants in the matters relating to the appeal.

The applicants have asked the court to make an allowance to them for services performed on behalf of the applicant in an injunction proceeding restraining the guardian from purchasing a farm for Mr. Wolfe. A person interested in a trust may employ an attorney to represent him in matters relating to the trust, and if the attorney so employed takes appropriate action to conserve the trust, or does something which is beneficial to the trust, he is entitled to pay for his services rendered. However, in taking such employment he acts at his peril, and if the action taken is not beneficial to the trust he can not make a valid claim for services rendered. The court finds that the injunction suit was not beneficial to the trust because the farm was eventually purchased for the ward, where he is now residing. In fact, it was detrimental to the trust because the guardian was put to some expense to defend it. Therefore no allowance can be made for such services.

The applicants in this case are residents of Stark county, Ohio. The Bar Association of that county, under date of June 1, 1936, adopted a minimum fee schedule applying to all courts. The court believes that it is fair to use this schedule in allowing fees for their services in appeal because the guardianship has already paid great expense because of the various actions brought by the applicants against the guardian.

From this schedule, the court finds the following:

Services in Common Pleas Court: (page 13)

| | | |
|---|---|---|
| (6a-1) | Perfecting Appeal | $25.00 |
| (6a-5) | Argument on Demurrer | 10.00 |
| (6a-4) | Brief | 10.00 |

Services in the Court of Appeals: (page 14)

| | |
|---|---|
| (7a) Perfecting Appeal on Law including brief and oral argument | 75.00 |

Services in the Supreme Court of Ohio: (page 14)

| | |
|---|---|
| (8a) Perfecting appeal with brief and argument | 100.00 |
| (8b) Appearance on merits | 50.00 |

The court therefore allows to said applicants the sum of $270 for services performed in addition to the sum previously allowed at the hearing in the Probate Court. The following expenses are also allowed:

| Printing of Brief | $22.50 |
|---|---|
| Miscellaneous expense | 32.50 |

An order will be made accordingly.