· CAUDILL, APPELLANT AND CROSS-APPELLEE, *v.* CAUDILL, APPELLEE AND CROSS-APPELLANT.

(No. 85AP-817 — Decided March 25, 1986.)

*Roger W. Heltzel,* for the wife.

*Thomas M. Tyack & Associates Co., L.P.A.,* and *Thomas M. Tyack,* for the husband.

STRAUSBAUGH, J. This is an appeal by both parties from the terms of a judgment of divorce granted in the Court of Common Pleas of Franklin County, Division of Domestic Relations.

Plaintiff and defendant were married on July 21, 1967, and one child, Dean, was born as issue of the marriage. In May 1983, plaintiff removed herself and the child from the family residence; thereafter, plaintiff and defendant lived separate and apart without cohabitation. During this period, plaintiff made many changes of address, and during much of this period of time kept the whereabouts of both herself and the child secret from defendant. Plaintiff has been subjected to a guardianship by the probate court because of periods of mental illness and her recent hospitalization for treatment of that mental illness. This guardianship is ongoing and the finances of plaintiff are subject to the regulation and control of the Court of Common Pleas of Franklin County, Probate Division.

The trial court granted a divorce to defendant on his amended counterclaim pursuant to the provisions of R.C. 3105.01(K), in that the parties had lived separate and apart without cohabitation for a period in excess of one year. Defendant received the majority of the marital assets. Defendant was ordered to assume all of the indebtedness incurred by plaintiff prior to separation, and to pay $325 per month as sustenance alimony, $118 for health insurance and $750 as contribution toward legal fees; and defendant was ordered to give several items of furniture to plaintiff. Defendant was also ordered to pay expenses incurred by plaintiff's guardian to the date of trial in the sum of $2,061.22. Defendant was awarded custody of the minor child.

Plaintiff asserts the following assignment of error:

"The trial court abused its discretion in dividing the marital property assets between the parties herein by awarding the entire marital property to appellee."

Defendant asserts the following cross-assignment of error:

"The trial court erred in awarding judgment to the guardian in the sum of $2,061.22 for personal expenses, said expenses having been neither submitted to nor allowed by the probate court of Franklin County."

* * *■

Weighing the limited financial

resources of defendant against past debts and future obligations, we find that the trial court's division of marital assets was not unreasonable, arbitrary, or unconscionable. Accordingly, the trial court committed no abuse of discretion in this respect.

Plaintiff's assignment of error is overruled.

In his cross-assignment of error, defendant urges that the trial court erred in awarding judgment to the plaintiff's guardian for personal expenses when those expenses had not been submitted or approved by the probate court. Defendant cites no case law for this proposition and plaintiff did not respond with an answer to this cross-assignment of error.

Former R.C. 2101.24(D) provided (see 140 Ohio Laws, Part I, 1791, 1797) that the probate court had jurisdiction to appoint and remove guardians and testamentary trustees, direct and control their conduct, and settle their accounts. The same section also generally provided that the jurisdiction listed in the section was exclusive in the probate court unless otherwise provided by law. The trial court itself noted that the guardian's expenses had not been submitted or approved by the probate court. Nevertheless, the trial court did award the guardian of plaintiff an amount for personal expenses totaling $2,061.22. In the absence of statutory authority, the trial court could not exercise jurisdiction of an issue that was properly before the probate court. See, generally, *Unger* v. *Wolfe* (1938), 134 Ohio St. 69 [11 O.O. 483].

Defendant's cross-assignment of error is sustained.

Plaintiff's assignment of error is overruled, and defendant's cross-assignment of error is sustained. The judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed in part and reversed in part, and this cause is remanded. On remand, the trial court is instructed to revise the judgment of divorce and delete that part of the order which requires defendant to pay any personal expenses of plaintiff's guardian.

*Judgment affirmed in part, reversed in part, and cause remanded.*

MOYER, P.J., and REILLY, J., concur.