IN RE GUARDIANSHIP OF ALLEN: WILBURN, GUARDIAN, APPELLANT AND CROSS-APPELLEE, v. ALLEN, WARD, APPELLEE AND CROSS-APPELLANT.

[Cite as In re Guardianship of Allen (1990), 50 Ohio St. 3d 142.]

(No. 88-2133—Submitted January 10, 1990—Decided April 18, 1990.)

*James R. Kingsley,* for appellee and cross-appellant.

*Bernard P. Wilburn,* for appellant and cross-appellee.

*Shane Egan,* urging reversal on cross-appeal, for *amicus curiae* Ohio Legal Rights Service.

WRIGHT, J. This case presents us with two questions. Appellant and cross-appellee Charles Wilburn asks this court to deny Benis attorney fees and expenses for challenging a guardianship, absent a finding of good faith, and a necessary service being rendered, coupled with a benefit being received by the ward. Here the court of appeals based its holding on the ward's ability to contract and to bind the estate. Appellee and cross-appellant Bernice Allen asks us to reverse the court of appeals' ruling that a guardian continue to administer her estate. Further, Allen argues that the court of appeals should not have upheld the probate court's ruling to continue her guardianship, even though she consented to the guardianship and her physical disabilities appeared to have actually worsened since the guardianship began.

For the reasons that follow, we reverse the court of appeals' grant of attorney fees and expenses to Benis and remand the cause to determine the appropriateness of granting payment on these items in light of the test adduced below.[2] We affirm the court of appeals' decision to continue Charles Wilburn's guardianship of Allen's estate.

I

The trial court denied a motion to grant fees to Stuart Benis for his role in challenging Wilburn's guardianship of Allen's estate. The court of appeals determined that Allen's alleged obligation to pay Benis's fees and expenses was based in contract. The court of appeals held that since Allen was mentally competent to contract, Allen's estate and thus her guardian would be liable for her incurred contractual obligations. The court thus distinguished the ability to contract of a person under a guardianship based on mental infirmity from that of a person under a guardianship based on physical infirmity.

---

[2] The court of appeals granted attorney James R. Kingsley additional fees for prosecuting Bernice Allen's appeals from the probate court's rulings. There is no evidence in the record to indicate that Allen ever appealed from the trial court's adverse ruling on her request for funds to prosecute an appeal. Thus, that matter was not properly before the court of appeals, which had no jurisdiction to release funds from Allen's estate to pay the appeal costs. We thus vacate this finding for Allen, since she was neither properly a party before the court of appeals nor before this court on this issue.

The R.C. 2131.02 definition of "legal disability" does not distinguish between mental and physical disability. R.C. 2131.02(B) and (D) deal specifically with the disabilities at issue in this case, and include the following as persons with "legal disabilities":

"(B) Persons of unsound mind;

"* * *

"(D) Persons under guardianship of the *person* and *estate*, or either." (Emphasis added.)

R.C. 2111.01(A), defining a "guardian," R.C. 2111.01(D), defining an "incompetent," and R.C. 2111.01(B), defining a "ward," all allow for a guardian to be appointed over person and property or either. Clearly the Revised Code makes no distinction between guardianship of the estate and guardianship of the person. Likewise, the Revised Code makes no distinction between a guardianship of a person with a physical disability and a guardianship of a person with a mental disability. Thus, we hold that the alleged mental competence of Allen is irrelevant to the question of the validity of the fees and expenses that the trial court denied Benis. Therefore, the court of appeals erred in basing its reversal of the trial court's denial of these fees and expenses on Allen's alleged mental competence at the time these services were performed.

The court of appeals also erred when it characterized Allen's alleged obligations to pay Benis's fees and expenses as contracts. The court held that Allen was legally capable of incurring such contractual obligations and that Allen's contracts would bind her estate and thus her guardian.

A ward cannot on her own bind her guardianship estate to obligations based upon contract, unless ratified by the guardian. Further, it is settled law in Ohio and in a number of other states that any debt arising out of the services of an attorney to a ward is in the nature of necessities. See *In re Guardianship of Wolfe* (P.C. 1938), 29 Ohio Law Abs. 184, 14 O.O. 525, 1 Ohio Supp. 372; *Union Trust & Savings Banks* v. *State Bank* (Iowa 1971), 188 N.W. 2d 300, 302-304, interpreting Iowa Code Ann. Section 633.637 (1966, amended 1980); Okla. Stat. Ann. Title 30, Section 3-219 (1989); 1 Restatement of the Law 2d, Contracts (1981) 34-35, Section 13, Comment *c*. It is within the province of the probate court to determine what constitutes a necessary good or service.

For attorney fees to be granted in this context, a court should apply a three-part test to determine if attorney fees are merited. *In re Guardianship of Wolfe, supra,* at 185, 14 O.O. at 526, 1 Ohio Supp. at 373. See *Unger* v. *Wolfe* (1938), 134 Ohio St. 69, 11 O.O. 483, 15 N.E. 2d 955. A court applying this test determines whether the attorney acted in good faith, whether the services performed were in the nature of necessities, and whether the attorney's actions benefited the guardianship. *Id.*

Since neither the trial court nor the court of appeals applied the three-part test enunciated in *Wolfe,* we reverse the court of appeals' grant of additional fees and expenses to Benis and remand the cause to the trial court to determine the appropriateness of granting these fees and expenses in light of the three-part test in *Wolfe.*

## II

The court of appeals affirmed the trial court's ruling that Allen's guardianship should continue under Charles Wilburn. The trial court applied the standard posited in *In re Barr* (P.C. 1958), 80 Ohio Law Abs. 488, 492, 156 N.E. 2d 357, 360, to help determine whether Allen's motion to terminate the guardianship of her

estate should be sustained.[3] As the court of appeals noted, the *Barr* standard mandates that "* * * [i]n order to terminate a guardianship created as a result of physical incapacity, the court must determine [that] the ward is now able to care for his property and that the conditions which existed at the time of the creation of the guardianship have improved or been eliminated."

There was ample evidence before the trial court for it to determine that Allen was not better able to care for her property at the time of the termination hearing than she was at the time the guardianship of her estate was established. Allen's vision had actually worsened since the guardianship was established. She appeared confused at the second termination hearing. She was unable to deal properly with important aspects of her personal, business, and legal affairs. Since Allen failed to meet the evidentiary standard expressed in *Barr*, the trial court properly denied Allen's motion to terminate and the court of appeals properly affirmed this ruling.

It is clear that the trial court's ruling is not against the manifest weight of the evidence. *Seasons Coal Co. v. Cleveland* (1984), 10 Ohio St. 3d 77, 79-80, 10 OBR 408, 410-411, 461 N.E. 2d 1273, 1275-1276. Therefore, we affirm the court of appeals' ruling allowing Charles Wilburn to continue his guardianship of the estate of Bernice Allen.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

---

[3] The *Barr* standard is consistent with the language of R.C. 2111.47, dealing with wards other than minors, which provides in part:

"Upon reasonable notice to the guardian, to the ward, and to the person on whose application the appointment was

MOYER, C.J., SWEENEY and HOLMES, JJ., concur.

RESNICK, J., concurs in the syllabus and judgment only.

DOUGLAS, J., concurs in part and dissents in part.

H. BROWN, J., concurs in judgment only.

ALICE ROBIE RESNICK, J., concurring in syllabus and judgment only. I write separately simply to state that a ward who is mentally competent should be permitted to have the guardian of her choice. In this case the record evinces that irreparable differences have arisen between ward and guardian. The guardianship is that of the estate, not of the person. Bernice Allen, while competent, appeared not to fully understand that she was giving up complete control of her entire estate at the time she consented to the guardianship. When she learned of this situation and was unable to obtain information about her financial affairs, she requested that Wilburn be removed as guardian. The court denied her request and ordered that Wilburn continue as Allen's guardian. Where a competent ward consents to the creation of a guardianship of the estate such ward should be allowed to change guardians where irreparable differences exist and the ward has lost confidence in the guardian.

DOUGLAS, J., concurring in part and dissenting in part. I concur in

made, and *upon satisfactory proof that the necessity for the guardianship no longer exists* or that the letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate * * *." (Emphasis added.)

paragraphs two and three of the syllabus and in the affirmance of the judgment of the court of appeals (and thereby that of the trial court) allowing the guardianship of Bernice Allen to continue with Charles Wilburn as guardian. I concur in the reversal of the judgment of the court of appeals granting Benis additional fees and expenses, and in the vacation of the granting of appeal costs, but dissent from the judgment of the majority to remand the cause to the trial court for a determination as to the appropriateness of granting such fees and expenses and from the words "unless ratified by the guardian" in paragraph one of the syllabus.

In remanding, the majority says that "* * * neither the trial court nor the court of appeals applied the three-part test enunciated in *Wolfe* * * *." Who says so? It appears to me that the trial judge knew the law and applied it just as the majority has now set it forth. Just because a trial judge does not write a full opinion on every issue coming before the court does not mean that the law has not been properly applied. The trial judge arrived at the proper conclusion — and the majority opinion, read with understanding, concedes this.

With regard to the words "unless ratified by the guardian" found in paragraph one of the syllabus, it should be elementary that a guardian cannot ratify a contract that cannot, in the first place, exist. The guardian may very well accept as binding that which the ward has brought about, but such action then becomes the contract of the guardian — not that of the ward as "ratified by the guardian."

Since I would reinstate the judgment of the trial court in its entirety and thereby end the tribulations of this lady whose guardianship estate continues to be under siege for more legal fees and expenses (including now a remand and further hearing) all in the name of her "benefit," I dissent from that portion of the majority decision which orders a remand.