**HUNTINGTON NATIONAL BANK, Appellee,**

v.

**TOLAND, Admr., Appellant.**

[Cite as *Huntington Natl. Bank v. Toland* (1991), 71 Ohio App.3d 576.]

Court of Appeals of Ohio,
Franklin County.

No. 90AP–890.

Decided March 28, 1991.

*Porter, Wright, Morris & Arthur* and *Waymon B. McLeskey II*, for appellee.

*Mark Sladoje, Jr.*, for appellant.

PEGGY BRYANT, Judge.

Defendant-appellant, Mirinda M. Toland, administrator of the estate of James C.H. Beard, deceased, appeals from a judgment of the Franklin County Municipal Court in favor of plaintiff-appellee, Huntington National Bank.

The facts herein are largely undisputed. On October 22, 1955, the Probate Court of Franklin County adjudged Beard mentally incompetent and appointed a guardian for him. Thereafter, on December 19, 1978, Mark Sladoje, Jr., was appointed successor guardian. On February 22, 1989, while still under court-ordered guardianship, Beard executed a promissory note in favor of plaintiff in connection with the purchase of a 1987 Nissan pickup truck. The flexible interest rate for the $10,254.60 note was to be paid over a five-year period with monthly installments of $170.91. Beard died on July 31, 1989, having made only a few payments on the note.

Upon discovery of Beard's outstanding debt to plaintiff, defendant returned the vehicle to plaintiff. On September 20, 1989, plaintiff filed a proof of claim with the estate in the amount of $4,739.46, Beard's debt to plaintiff as reduced by the proceeds from the sale of the vehicle and credits for payments received. Defendant rejected the claim, contending that the note was invalid due to Beard's lack of contractual capacity. Plaintiff then filed suit on the note in the municipal court, and the trial court found in plaintiff's favor.

Defendant appeals to this court assigning the following as error:

"1. Where there has been an adjudication of incompetency by a court of competent jurisdiction, the presumption arises that that person continues to be incompetent until such presumption is rebutted by clear and convincing evidence.

"2. The trial court's judgment is contrary to law and against the manifest weight of the evidence."

Inasmuch as defendant's two assignments of error are interrelated, we will consider them together.

At trial, plaintiff presented extensive documentary and testimonial evidence establishing a course of dealings between plaintiff and Beard over a four- or five-year period immediately prior to Beard's death. Earla Vanscoy, litigation clerk for plaintiff, testified that Beard had financed two other truck purchases with plaintiff and had fully repaid those loans. Vanscoy stated that plaintiff

had undertaken a thorough investigation of Beard's credit prior to these transactions and that no defects were discovered. In fact, plaintiff offered Beard a VISA account, which he accepted. According to plaintiff's records, Beard never made a late payment on any of his obligations with plaintiff, including the note at issue, and he maintained a sparkling credit rating until his death.

The trial court initially felt bound by the syllabus of *In re Guardianship of Allen* (1990), 50 Ohio St.3d 142, 552 N.E.2d 934. However, on reconsideration, the court concluded that Beard was rebuttably presumed incompetent as a result of his probate adjudication, and that plaintiff had successfully rebutted the presumption with overwhelming evidence that decedent was competent at the time he entered into the contract with plaintiff.

The theory of recovery plaintiff pursued and the trial court ultimately applied is based primarily on the holdings in two Supreme Court cases, *Hosler v. Beard* (1896), 54 Ohio St. 398, 43 N.E. 1040, and *Kennedy v. Walcutt* (1928), 118 Ohio St. 442, 161 N.E. 336. However, both cases are distinguishable from, and not dispositive of, the present case.

■ The case before us involves a formal adjudication of incompetency and the appointment of a guardian upon a ward's contractual capacity. The applicable rule of law under such facts is set out in *Fiorini v. Goss* (1921), 23 Ohio N.P.(N.S.) 303, affirmed in *Goss v. Fiorini* (1923), 108 Ohio St. 115, 140 N.E. 324: once a guardian has been appointed for an incompetent, transfer of property thereafter is void and may be set aside.

In *Fiorini,* a dispute arose over an intervivos disposition of real property by an individual who, at the date of conveyance, was under court-appointed guardianship by reason of mental incompetence. In an action brought by the guardian to set aside the conveyance, the trial court found in favor of the guardian, stating:

" * * * But when a guardian is appointed he thereupon becomes vested with the control of the property of his ward and he alone is capable of transferring it. *It is the appointment of a guardian which works the change in the legal power of an imbecile to act for himself.*" (Emphasis *sic.*) *Id.,* 23 Ohio N.P.(N.S.) at 306.

Applying *Fiorini,* courts have consistently held that the appointment of a guardian operates as a conclusive presumption of contractual incapacity in any action to enforce contracts made by the ward during the period of legal guardianship, divesting the ward of any contractual capacity.[1] See *Witt v.*

---

1. See, also, Restatement of the Law 2d, Contracts (1981) 30, Sections 12(2)(a) and 13:

*Ward* (1989), 60 Ohio App.3d 21, 573 N.E.2d 201; *Commonwealth Loan Co. v. Peltz* (July 28, 1983), Cuyahoga App. No. 45778, unreported, 1983 WL 5584; *Krumm v. Helmick* (Jan. 27, 1982), Licking App. No. CA–2828, unreported, 1982 WL 2892; *Motor Discount Corp. v. Kulig* (Dec. 24, 1981), Cuyahoga App. No. 43551, unreported, 1981 WL 4714. Further, the probate record of judgment is deemed to provide constructive notice to the world of the ward's legal disability. *Fiorini, supra,* 23 Ohio N.P.(N.S.) at 307.

In short, under *Fiorini,* the court was not empowered to determine Beard's competency since the issue had been conclusively resolved by the probate adjudication.

■ Relied on by the trial court, *Hosler, supra,* involved an action on a promissory note made by an individual who was under no legal disability at the time of making; but he was later adjudged mentally incompetent and a guardian was appointed for him. Under *Hosler,* contracts of individuals under mental disability, but not under guardianship, are voidable and subject to a rebuttable presumption of incompetency. Indeed, the *Fiorini* court recognized the distinction and noted:

"The case at bar is not like the case of *Hosler v. Beard,* in the 54 Ohio St., at page 398 [43 N.E. at 1040], which was quoted by counsel for the defendants. At the time the note in that case was signed by Beard he had not been adjudged an imbecile. When there has been no such adjudication the rule is that where the state of mind of the imbecile was unknown to one contracting with him and no advantage was taken of the imbecile, the defense of imbecility can not prevail especially where the contract is not merely executory, but executed in whole or in part and the parties can not be restored altogether to their original positions. Where there has not been such a finding by a court one dealing with a lunatic may reasonably suppose he is sane and make a bargain with him on that assumption, and if no unfair advantage is taken of him the contract may stand." *Id.,* 23 Ohio N.P.(N.S.) at 306. See, also, *Charles Melbourne & Sons, Inc. v. Jesset* (1960), 110 Ohio App. 502, 13 O.O.2d 276, 163 N.E.2d 773; *Kemmerer v. Kemmerer* (1956), 74

"§ 12. Capacity to Contract
" * * *
"(2) A natural person who manifests assent to a transaction has full legal capacity to incur contractual duties thereby unless he is
"(a) under guardianship * * *[.]
" * * *
"§ 13. Persons Affected by Guardianship
"A person has *no capacity* to incur contractual duties if his property is under guardianship by reason of an adjudication of mental illness or defect." (Emphasis added.)

Ohio Law Abs. 65, 139 N.E.2d 84. Because Beard herein was adjudged incompetent before the contract at issue, *Hosler* does not control.

■ Similarly, *Kennedy* is also distinguishable, as that case involved testamentary disposition by the ward/testator. A ward, despite being under guardianship, can make a valid will. Hence, as *Kennedy* determined, an adjudication of incompetency is not conclusive evidence of a lack of testamentary capacity, but gives rise to a rebuttable presumption of insanity which the proponents of the will must overcome. By contrast, under *Fiorini*, the appointment of a guardian for Beard divested Beard of the ability to contract for himself; and the appointment of a guardian for Beard is conclusive evidence of his incompetency to contract. *Kennedy* does not control herein.

■ Finally, we note the Supreme Court's recent decision, *In re Allen*, *supra*, the syllabus of which states in part:

"A ward cannot bind her guardianship estate to obligations based upon contract, *unless ratified by the guardian.*" (Emphasis added.)

The broad language of the first part of that syllabus seems to support *Fiorini* and its progeny. Nevertheless, the syllabus of *In re Allen* arguably represents a departure from *Fiorini*, since "void" obligations cannot be ratified.[2] However, *In re Allen* did not discuss or cite *Fiorini*, or cases relying on it, much less overrule it. Given then, the broad language of the syllabus relative to a ward binding the guardianship estate, *In re Allen* appears not to have modified the law announced in *Fiorini* and the cases following it.

Nonetheless, the syllabus raises the issue of ratification, indicating that a ward can bind the guardianship estate if the guardian ratifies the contract. Hence, the dispositive issue herein is whether Beard's guardian ratified the contract between plaintiff and Beard.

We note that plaintiff did not seriously pursue the issue of ratification at trial, nor did the parties explain their respective positions to the court on the issue. Rather, when presented with the *In re Allen* case, the trial court tentatively found no ratification, and allowed plaintiff the opportunity to address the issue in a supplemental memorandum. Following plaintiff's memorandum, the trial court revised its earlier determination, applied a

---

2. Indeed, Justice Douglas so noted in his dissent:
  "With regard to the words 'unless ratified by the guardian' found in paragraph one of the syllabus, it should be elementary that a guardian cannot ratify a contract that cannot, in the first place, exist. The guardian may very well accept as binding that which the ward has brought about, but such action then becomes the contract of the guardian—not that of the ward as 'ratified by the guardian.'" *In re Allen, supra,* 50 Ohio St.3d at 148, 552 N.E.2d at 939 (Douglas, J., dissenting).

rebuttable presumption of incompetency, and found plaintiff had successfully rebutted the presumption.

As a result, we are unable to determine whether the trial court actually decided the issue of ratification. Given the significance of the issues under the law set forth herein, we remand this matter to the trial court for consideration of whether the guardian ratified Beard's contract with plaintiff so as to bind defendant to Beard's note to plaintiff.

Accordingly, for the reasons set forth above, we sustain defendant's two assignments of error to the extent set forth herein. The judgment of the trial court is reversed and this case is remanded for further proceedings in accordance herewith.

*Judgment reversed*
*and cause remanded.*

STRAUSBAUGH and HOOPER, JJ., concur.

JEFFREY A. HOOPER, J., of the Miami County Court of Common Pleas, sitting by assignment.