OPINION
Shawn is a mentally disabled adult who suffers from hydrocephalus, a brain disorder characterized by excessive cranial fluid. James and Linda Constable are Shawn's parents. They divorced in December 1995, when Shawn was still a minor. Linda was named residential parent in the divorce decree. Linda placed Shawn in a residential care facility and a vocational program.
In October 1996, Linda applied to be named Shawn's guardian. James also sought to be named guardian. The probate court ultimately named Bechmann as Shawn's guardian. The relevant facts regarding Bechmann's appointment were set forth in an earlier decision of this court, In the Matter of: Guardianship of ShawnConstable (Mar. 30, 1998), Clermont App. No. 97-11-101, unreported.
While the guardianship proceedings were pending before the probate magistrate, James filed a motion in the Court of Common Pleas, Domestic Relations Division, requesting that court to exercise jurisdiction over the matter. The domestic relations court concluded that the probate court had exclusive jurisdiction over the guardianship of an adult. The probate magistrate and, later, the probate court rendered decisions regarding the guardianship of Shawn only after the domestic relations court declined jurisdiction.
James has continuously contested Bechmann's appointment as guardian. On May 14, 1998, Bechmann moved the court to order James to show cause why he should not be held in contempt for violating prior court orders and to restrict and supervise James' visitation with Shawn. On October 14, 1998, James moved to remove Bechmann as guardian, arguing that Bechmann was interfering with his relationship with Shawn.
On April 1, 1999, the probate court filed a judgment entry finding that Bechmann had followed all court directives and acted diligently as Shawn's guardian. The probate court further found that James was in contempt of prior orders of the court. James' visitation with Shawn was restricted to four hours of supervised visitation every Wednesday. James appeals, raising three assignments of error.
Assignment of Error No. 1:
 APPELLANT WAS DENIED HIS RIGHT OF HAVING HIS CASE HEARD IN THE PROPER COURT OF JURISDICTION AS PROBATE COURT DID NOT HAVE JURISDICTION IN THE MATTER OF SHAWN CONSTABLE.
In his first assignment of error, James contends that the domestic relations court has jurisdiction with respect to guardianship of Shawn pursuant to the divorce decree entered when Shawn was a minor. James asserts that the parties agreed that the domestic relations court would have continuing jurisdiction over all matters regarding Shawn's care and support.
The jurisdiction of the probate court is provided in R.C.2101.24:
 (A)(1) Except as otherwise provided by law, the probate court has exclusive jurisdiction:
* * *
 (e) To appoint and remove guardians, conservators, and testamentary trustees, direct and control their conduct, and settle their accounts;
* * *
 (g) To make inquests respecting persons who are so mentally impaired as a result of a mental or physical illness or disability, or mental retardation, or as a result of chronic substance abuse, that they are unable to manage their property and affairs effectively, subject to guardianship[.]
Where a matter falls within the exclusive jurisdiction of the probate court, no other court may exercise jurisdiction over the matter. Caudill v. Caudill (1986), 29 Ohio App.3d 51, 52. Although the domestic relations court has jurisdiction over child custody and support matters, R.C. 3105.01.1 and 3109.05, Shawn's guardianship is within the exclusive jurisdiction of the probate court. R.C. 2101.24(A)(1)(e) and (g). Once Shawn reached the age of eighteen and Linda and James sought guardianship, the probate court was the only court with jurisdiction over Shawn. The first assignment of error is overruled.
Assignment of Error No. 2:
 APPELLANT WAS DENIED HIS PARAMOUNT PARENTAL RIGHT OF VISITATION AS ESTABLISHED BY GUIDELINES OF CLERMONT COUNTY COMMON PLEAS COURT.
In his second assignment of error, James contends that the trial court erred by restricting his visitation with Shawn and ordering that this visitation be supervised. Appellant argues that these limits on his time with Shawn deny him his rights as Shawn's parent.
We note that the guideline visitation schedules that James asserts the probate court should have followed apply only for child custody and visitation in the domestic relations court, not the probate court. Such visitation schedules are not relevant to the instant case, as Shawn's guardianship is a matter solely within the probate court's jurisdiction.
Guardianship of a ward exists for the benefit of the ward. The probate court's decisions regarding the guardianship must be made in the best interest of the ward. R.C. 2111.50(C)(1); In reEstate of Bednarczuk (1992), 80 Ohio App.3d 548, 551. So long as it is made in the best interest of the ward, a decision of the probate court may be reversed only for an abuse of discretion.Id.
In the instant case, the probate court was presented with a long history of hostile conduct by James towards those who care for and aid Shawn. James' conduct was a reason given by the probate court for appointing Bechmann as Shawn's guardian. James was found to be unsuitable as a guardian based upon his animosity toward Shawn's care providers. It is clear that James loves his son and that Shawn loves James, but it is evident that James' actions may place Shawn in some jeopardy. James does not require Shawn to wear protective gear, and there are serious concerns that James is not requiring Shawn to take necessary medication. There was evidence that after visiting with James, Shawn is more aggressive with others.
In light of these facts, it was not an abuse of discretion for the trial court to find that it was in Shawn's best interest to limit James' visitations and make such visitations supervised. The second assignment of error is overruled.
Assignment of Error No. 3:
 APPELLANT WAS DENIED DUE PROCESS BY THE PROBATE COURT AS THIS COURT VIOLATED R.C. 2151.23(A)(2) BY NOT HAVING A PARENTAL UNSUITABILITY HEARING.
In his final assignment of error, James contends that the probate court failed to hold a hearing on and make a finding concerning whether he was a suitable parent before refusing to remove Bechmann as guardian. James argues that R.C. 2151.23(A)(2) mandates that such a hearing be held.
R.C. 2151.23(A)(2) governs the juvenile court's jurisdiction. The provision has no bearing on the instant case. In fact, R.C.2151.23(A)(2) does not require any hearing, as it only sets forth the juvenile court's jurisdiction.
Regarding any finding that James is unsuitable to act as Shawn's guardian, the probate court made the necessary finding that James was not suitable to be guardian when it appointed Bechmann. After James moved to remove Bechmann as guardian, the probate court specifically found that Bechmann has followed all court orders and has acted diligently as Shawn's guardian. The probate court further found that James has failed to follow court orders and was in contempt of court. The trial court set forth sufficient reason to overrule James' motion.
The probate court acted appropriately in addressing the motions before it and made findings sufficient to support its decision. The third assignment of error is overruled.
Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.