[Cite as *In re Nauth*, 2016-Ohio-5089.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: NAUTH

C.A. No.     15CA0025-M

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2011 05 GI 00031

DECISION AND JOURNAL ENTRY

Dated: July 25, 2016

HENSAL, Judge.

{¶1}   Marie Nauth appeals a judgment of the Medina County Court of Common Pleas, Probate Division, denying her motion to terminate guardianship. For the following reasons, this Court affirms.

I.

{¶2}   Mrs. Nauth married Loren Nauth in 1986. It was Mr. Nauth's second marriage. He has several adult children from his first marriage. Over the years, Mrs. Nauth's relationship with her husband's children became strained, and it worsened after Mr. Nauth began suffering from Alzheimer's.

{¶3}   Following her husband's diagnosis, Mrs. Nauth applied to be his guardian. Mr. Nauth's children opposed her appointment, fearing she would prevent them from visiting their father. Mrs. Nauth and the children eventually agreed that the probate court should appoint a third-party to serve as Mr. Nauth's guardian, which the court ordered.

{¶4}    After the appointment of an independent guardian, the visitation issues that the children experienced mostly resolved.  Mrs. Nauth, however, has been troubled by the care her husband has received under the guardian.  According to Mrs. Nauth, the guardian has not responded to many of her inquiries and has not been as aggressive in seeking treatment for her husband as she would like.  Mrs. Nauth, therefore, filed a motion to terminate the guardianship or, in the alternative, substitute the guardian.

{¶5}    At the beginning of a hearing on Mrs. Nauth's motion, the probate court asked Mrs. Nauth to clarify her requests.  In response, Mrs. Nauth explained that she was only seeking to terminate the guardianship, not remove the present guardian.  The court, therefore, explained that the hearing was "moving forward solely on the basis of dissolving the guardianship." Following the hearing, the court denied Mrs. Nauth's motion, explaining that Mr. Nauth "is not competent" and "requires a guardian."  It also concluded that the powers of attorney that Mr. Nauth signed before he lost competency would not be as effective in managing his care as a full guardianship of his person.  Mrs. Nauth has appealed, assigning two errors.

II.

ASSIGNMENT OF ERROR I

THE COURT'S FINDING AND ORDER DENYING TERMINATION OF GUARDIANSHIP IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶6}    Mrs. Nauth argues that the probate court incorrectly denied her motion to terminate the guardianship.  Revised Code Section 2111.47 provides that, "upon satisfactory proof that the necessity for [a] guardianship no longer exists or that the letters of appointment were improperly issued, the probate court shall order that the guardianship of an incompetent terminate * * *."  This Court has recognized that, under Section 2111.47, if the evidence proves

that the necessity for a guardianship no longer exists, "[t]he court is under a mandatory duty to terminate the guardianship[.]" *Old Phoenix Natl. Bank of Medina v. Oenslager*, 9th Dist. Medina No. 1586, 1987 WL 18683, *2 (Oct. 14, 1987).

{¶7} "In a guardianship hearing, the issue is whether the individual is 'presently incompetent and in need of a guardian.'" *In re Al Bani*, 9th Dist. Summit No. 27348, 2014-Ohio-5783, ¶ 22, quoting *In re Guardianship of Thomas*, 148 Ohio App.3d 11, 20 (10th Dist.2002). The definition of "[i]ncompetent" includes "any person who is so mentally impaired as a result of mental or physical illness or disability * * * that the person is incapable of taking proper care of the person's self or property * * *." R.C. 2111.01(D). We review a probate court's decision regarding whether to terminate a guardianship to determine if it was against the manifest weight of the evidence. *In re Guardianship of Allen*, 50 Ohio St.3d 142, 147 (1990). This requires us to weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the court clearly lost its way and created such a manifest miscarriage of justice that its decision must be reversed and a new hearing ordered. *See Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 20.

{¶8} At the termination hearing, Mrs. Nauth submitted little evidence about her husband's ability to care for himself. To the contrary, the evidence that was presented about Mr. Nauth's condition was that it has deteriorated even more from when the guardianship was created. Instead, the parties spent most of their time disputing whether Mrs. Nauth has a history of preventing Mr. Nauth's children from visiting him and interfering in their relationship with him, whether Mrs. Nauth has unrealistic expectations about her husband's medical condition, whether the guardian has been diligent about serving Mr. Nauth, and whether the guardian has

communicated adequately with Mrs. Nauth.[1] None of those topics were particularly relevant regarding the issue of whether Mr. Nauth requires a guardian. In addition, while Mrs. Nauth expressed regret about consenting to a third-party guardian, she did not attempt to establish that the letters of appointment were improperly issued.

{¶9} Upon review of the record, we conclude that the probate court's determination that Mr. Nauth requires a guardian is not against the manifest weight of the evidence. To the extent that Mrs. Nauth argues that the guardianship should be limited or that she should be substituted as the guardian, we note that she either failed to make those arguments to the probate court or abandoned them at the beginning of the hearing on her motion. *See JPMorgan Chase Bank, N.A. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal."). Mrs. Nauth's first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE COURT ABUSED ITS DISCRETION BY EXERCISING THE DISCRETION GIVEN TO A COURT TO AN END OR PURPOSE NOT JUSTIFIED BY, AND CLEARLY AGAINST, REASON AND THE EVIDENCE.

---

[1] Although Mrs. Nauth did not seek removal of the guardian, she lodged a number of complaints against the guardian. For instance, she alleged that the guardian refused to give her the guardian's cell phone number, leaving Mrs. Nauth unable to contact the guardian when Mr. Nauth went into the hospital during the guardian's vacation. Mrs. Nauth later admitted, however, that she did have the guardian's cell phone number in some paperwork she had received. Mrs. Nauth also alleged that the guardian had signed DNR orders for her husband without informing her. The guardian explained that she did not think it was necessary because Mr. Nauth indicated his desire for a DNR order in his living will, a document that was very familiar to Mrs. Nauth. Finally, Mrs. Nauth objected to the guardian's conservative treatment of her husband. The guardian explained that she made her decisions based on the advice of the doctors who were caring for him. According to the guardian, she did not think it was humane to subject Mr. Nauth to a number of additional tests when it would not change the recommended level of treatment. We would encourage the parties to work more closely and cooperatively regarding Mr. Nauth's care.

**{¶10}** In her second assignment of error, Mrs. Nauth expresses a series of loosely-connected complaints about the probate court's decision. She asserts that the court's decision was arbitrary, that it was biased in favor of the guardian and Mr. Nauth's children, that it improperly elicited testimony that was damaging to her argument, that its credibility determinations were incorrect, that it bought into the children's "fear" theory, and that its conclusion was not in accordance with reason and was supported by little credible evidence. Mrs. Nauth, however, has failed to fully develop any of these arguments, so we will not address them. *See Glenmoore Builders, Inc. v. Smith Family Trust*, 9th Dist. Summit No. 24299, 2009-Ohio-3174, ¶ 30; App.R. 16(A)(7). Mrs. Nauth's second assignment of error is overruled.

III.

**{¶11}** The probate court's denial of Mrs. Nauth's motion to terminate the guardianship is not against the manifest weight of the evidence. The judgment of the Medina County Court of Common Pleas, Probate Division, is affirmed.

Judgment affirmed.

---

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is

instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

CARR, P. J.
MOORE, J.
CONCUR.


APPEARANCES:

A. CLIFFORD THORNTON, Attorney at Law, for Appellant.

CAROLE O. HEYWARD, Attorney at Law, for Appellee.

SHORAIN MCGHEE, Attorney at Law, for Appellee.