[Cite as *In re Guardianship of Nauth*, 2018-Ohio-892.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF MEDINA | ) | |

IN RE: THE GUARDIANSHIP OF
LOREN NAUTH

C.A. No.     17CA0010-M


APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF MEDINA, OHIO
CASE No.     2011 05 GI 00031

DECISION AND JOURNAL ENTRY

Dated: March 12, 2018

CALLAHAN, Judge.

{¶1}   Appellant, Shorain McGhee as the guardian of Loren Nauth ("the Guardian"), appeals the judgment of the Medina County Common Pleas Court, Probate Division, which denied the Guardian's attorney fees and reduced the Guardian's earned fees. For the reasons set forth below, this Court affirms in part and reverses in part.

I.

{¶2}   After considering competing applications by Loren Nauth's wife ("Wife") and daughter in 2011, the probate court found Loren Nauth ("the Ward") to be incompetent and appointed a third-party, Shorain McGhee, as the guardian of the Ward's person. Three years later, Wife filed a motion to terminate the guardianship or, in the alternative, to substitute Wife as the guardian. Wife did not assert any allegations of dereliction of duty by the Guardian as a basis to substitute the guardian. However, around this time an article appeared in the Medina Gazette wherein Wife complained about the guardianship and criticized the Guardian's conduct.

{¶3}    The Guardian retained counsel ("the Attorney") to represent her in the hearing. The probate court issued a notice to the Guardian that the guardianship would not pay the Guardian's legal fees.  On the first day of the hearing, the Attorney filed a motion to withdraw as counsel because the Guardian was unable to pay the legal fees.  After conducting an inquiry at the hearing, the probate court denied the motion to withdraw as counsel, but permitted the Guardian to file a motion for reconsideration as to the payment of the legal fees.

{¶4}    Prior to the start of the hearing, Wife clarified "that she was only seeking to terminate the guardianship, not remove the present guardian." *In re Nauth*, 9th Dist. Medina No. 15CA0025-M, 2016-Ohio-5089, ¶ 5. The hearing took place over a period of four days and the Attorney was present on behalf of the Guardian the entire time. The probate court ultimately denied Wife's motion to terminate the guardianship because the Ward "'[was] not competent' and 'require[d] a guardian.'" *Id.*  Wife appealed that decision, which was affirmed.  *Id.* at ¶ 1.

{¶5}    The Guardian filed a motion to reconsider the payment of her legal fees through the guardianship and submitted an application for attorney fees and guardian fees.  Wife opposed the motion to reconsider the payment of legal fees and objected to some of the guardian fees. Following a hearing, the probate court denied attorney fees for the trial work, approved attorney fees for the prior appeal, granted the guardian fees with the exception of $1,350.00, and reduced the future hourly rate of the Guardian.

{¶6}    The Guardian has timely appealed, raising one assignment of error.

II.

## ASSIGNMENT OF ERROR

THE COURT'S FINDING AND ORDER DENYING ATTORNEY FEES AND REDUCING THE GUARDIAN'S FEE WAS AN ABUSE OF DISCRETION[.]

{¶7} The Guardian asserts that the probate court abused its discretion when it denied the Guardian's attorney fees and reduced the Guardian's earned fee. This Court agrees as to the attorney fees, but disagrees as to the Guardian's fee.

{¶8} A trial court's decision regarding attorney fees and guardian fees in a guardianship is reviewed for an abuse of discretion. *In re Guardianship of Escola*, 41 Ohio App.3d 42, 47 (5th Dist.1987); *In re Guardianship of Thacker*, 11th Dist. Portage No. 2008-P-0023, 2008-Ohio-5951, ¶ 17. "A trial court will be found to have abused its discretion when its decision is contrary to law, unreasonable, not supported by evidence, or grossly unsound." (Citations and quotation marks omitted.) *Tustin v. Tustin*, 9th Dist. Summit No. 27164, 2015-Ohio-3454, ¶ 21.

**Attorney fees**

{¶9} The Guardian argues that the probate court abused its discretion when it failed to apply the three-part test in *In re Wolfe*, 29 Ohio Law Abs. 184 (P.C.1938), regarding the payment of attorney fees arising from a motion to terminate the guardianship. The Guardian relied upon this three-part test in her briefs and at the hearing requesting attorney fees.

{¶10} In *In re Guardianship of Allen*, 50 Ohio St.3d 142 (1990), the Ohio Supreme Court held that,

> [i]n an action to terminate a guardianship, the probate court should apply a three-part test to determine if payment of attorney fees from the guardianship estate is merited: whether the attorney acted in good faith, whether the services performed were in the nature of necessities, and whether the attorney's actions benefited the guardianship.

*Id.* at paragraph three of the syllabus, citing *In re Wolfe*. Because the trial court and the appellate court failed to apply the three-part test set forth in *Wolfe*, the Ohio Supreme Court remanded the

matter to the trial court to decide whether to grant attorney fees based upon the three-part test in *Wolfe*. *In re Guardianship of Allen* at 146.

{¶11} This case is akin to *In re Guardianship of Allen* because it involves a request for attorney fees in a proceeding to terminate a guardianship and a probate court's failure to apply the three-part test in *Wolfe* to decide if attorney fees are merited. In this case, the trial court made no reference to the three-part test in *Wolfe* and how the Guardian's experience as an attorney, the Guardian's reason for hiring the Attorney, the scope of the Attorney's representation, and the nature of the proceedings applied to the three factors necessary for consideration under *Wolfe*. Instead of deciding the merit of the attorney fees request under the three-part test in *Wolfe*, the probate court ultimately denied the attorney fees because "[h]iring trial counsel was needlessly redundant and not solely for the benefit of the ward."

{¶12} Based on the foregoing, the probate court abused its discretion when it failed to apply the three-part test in *Wolfe* to render a decision regarding attorney fees. The Guardian's assignment of error as to the issue of attorney fees is sustained and the matter is remanded to the probate court to apply the three-part test in *Wolfe*.

**Guardian fees**

{¶13} The Guardian contends that the probate court abused its discretion when it denied $1,350.00 in earned guardian fees as being a double entry. The Guardian argues she testified during the hearing that one of the December 16, 2014 entries was a mistake and the probate court was aware of the correct date of the hearing.

{¶14} The Guardian filed an application for payment of guardian fees incurred between April 2014 through January 2015. Included in these time entries were four entries regarding the

hearing on the motion to terminate the guardianship. These entries included the following dates, descriptions, times, and amounts:

| 11/4/2014 | Full hearing on Motion to Terminate | 3.50 [hrs.] | [$]700.00 |
| 12/16/2014 | Hearing on Motion to Terminate | 6.50 [hrs.] | [$]1,300.00 |
| 12/16/2014 | Hearing on Motion to Terminate Guardianship | 6.75 [hrs.] | [$]1,350.00 |
| 1/27/2015 | Hearing on Motion to Terminate Guardianship | 2.50 [hrs.] | [$]500.00 |

However, the transcripts reflect that the hearing occurred on November 4, 2014, November 19, 2014, December 16, 2014, and January 27, 2015.

{¶15} In the hearing, the Guardian brought to the probate court's attention that there was an error in the application for guardian fees: "I do see there is something that's incorrect. I have two dates for December 16th, 2014. Actually, one of those should have been November 19th, your Honor. I apologize. I made a mistake on that date."

{¶16} The Guardian argued that the probate court was aware of the correct dates for the hearing and should have awarded her guardian fees for all appearances at the hearing despite her typo. While the Guardian pointed out the error to the probate court, she did not specify at the hearing or in a subsequent filing which of the December 16, 2014 entries was in fact for November 19, 2014. Instead, the Guardian addressed this point for the first time in her appellate brief, which was too late. *See JPMorgan Chase Bank, Natl. Assn. v. Burden*, 9th Dist. Summit No. 27104, 2014-Ohio-2746, ¶ 12 ("Arguments that were not raised in the trial court cannot be raised for the first time on appeal.").

{¶17} Further compounding the Guardian's error is the fact that the court appearances were billed for essentially identical time, but the record does not reflect identical time being spent in court for the hearing on those days. The November 19, 2014 transcript is 94 pages,

whereas the December 16, 2014 transcript is 264 pages. Nor do the entries indicate that the time spent was for anything other than attendance at the hearing.

{¶18} The probate court questioned the Guardian at length regarding her guardian work being in the capacity of a lay person rather than legal guardian work. The Guardian was insistent that there was no distinction, because she was "working, as a guardian, as a lawyer in this matter." The Guardian testified that she was "a lawyer and [she could not] separate [her] knowledge and [] experience from everything that [she does] when [she is] working." Despite the Guardian's strong reliance on being an attorney, she made errors in recording her guardian fees and did not correct the errors.[1]

{¶19} Based on the foregoing, this Court cannot say that the probate court abused its discretion in denying earned guardian fees of $1,350.00. The Guardian's assignment of error as to the issue of guardian fees is overruled.

**Other arguments**

{¶20} The Guardian also argues that the probate court exhibited "passion or bias" when it relied upon information outside the record and incorrect information regarding the Guardian's other employment, and made statements regarding the Guardian's work as a paralegal to deny the attorney fees and the earned guardian fees. These arguments are misplaced. The probate court only referenced these facts in support of its decision to reduce the Guardian's hourly rate

---

[1] The Guardian continued to make errors relative to these dates in her appellate brief. Despite Wife noting these errors in her appellee brief, the Guardian repeated the erroneous dates in her reply brief. She first stated that it "should have been November 29, 2014 which was a full day of hearing at 6.75 hours." She then stated that the "hearing occurred on November 19, 2015." Based on the transcripts, both of these dates are incorrect. The first date has the wrong day, while the second date has the wrong year.

for future work, and not to deny the attorney fees and past guardian fees. The Guardian, however, did not challenge the probate court's decision to reduce her future hourly rate. Because this issue is not properly before this Court on appeal, we decline to address this portion of the Guardian's argument.

III.

**{¶21}** The Guardian's assignment of error is sustained in part and overruled in part. The judgment of the Medina County Common Pleas Court, Probate Division, is affirmed in part, reversed in part, and this matter is remanded for proceedings consistent with this opinion.

Judgment affirmed in part,<br>reversed in part,<br>and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
LYNNE S. CALLAHAN
FOR THE COURT

CARR, J.
CONCURS.

HENSAL, P. J.
CONCURRING IN PART, AND DISSENTING IN PART.

{¶22} I respectfully dissent, in part, from the majority's resolution as to the issue of attorney fees. While the probate court in this case did not cite to or set forth the three-part test in *Wolfe*, it nonetheless applied the test to determine the appropriateness of an attorney fee award arising from a motion to terminate a guardianship.

{¶23} The probate court's application of the *Wolfe* test is evident in its denial of attorney fees on the basis that "[h]iring trial counsel was needlessly redundant and not solely for the benefit of the ward." In reaching this conclusion, the probate court set forth the evidence in the record that was relevant to deciding whether the Attorney's services were necessary as it pertained to the motion to terminate the guardianship. *See In re Guardianship of Allen*, 50 Ohio St.3d 142 at paragraphs two and three of the syllabus.

{¶24} As such, I respectfully dissent, in part, as I find the trial court did apply the *Wolfe* test and I would proceed to consider whether the probate court acted within its discretion in refusing to award the Guardian's trial counsel fees.

{¶25} I concur with the remainder of the majority's opinion.

APPEARANCES:

SHORAIN L. MCGHEE, Attorney at Law, for Appellant.

A. CLIFFORD THORNTON, JR., Attorney at Law, for Appellee.